-442                     MAYERS *et al. v.* SMITH.

JOHN J. MAYERS *et al.*

*v.*

MARIA SMITH.

*Filed at Springfield September 27, 1887.*

1. JURY—*right of peremptory challenge in respect to a panel of four after being passed upon and accepted, but not sworn.* Under our statute requiring "that the jury shall be passed upon and accepted in panels of four, by the parties, commencing with the plaintiff," after a panel of four jurors has been passed upon and accepted by both parties, and another panel is called, a party having peremptory challenges will not have the right to go back and challenge peremptorily any one of the jurors so accepted, although they have not been sworn.

2. Whatever may have been the rule, at common law, as to the exercise of the right of peremptory challenge at any time before the jury is sworn, under our statute the right of peremptory challenge is cut off with respect to any one of a panel of four jurors which has been passed upon and accepted by both parties.

3. SAME—*former decision distinguished.* The decision in *Belt v. People,* 97 Ill. 461, holding that when a panel of four jurors had been passed upon and accepted by the plaintiff and tendered to the defendant, and before their acceptance by the defendant and being sworn, it was not error to allow a challenge, by the plaintiff, of one of the jurors for cause, is not inconsistent with the ruling in this case. It was in that case said, the permission to re-examine the juror, and show cause of challenge, was within the discretion of the court. Nothing was decided in respect to the discretion of the court as to the allowance of a peremptory challenge.

4. INTOXICATING LIQUORS—*action by wife for injury to means of support—evidence as to her means of support.* In an action under the statute, by a wife, against the keepers of a dram-shop, for injury to her means of support by sale or gift of intoxicating liquor to her husband, there is no error in admitting evidence that at the time of her husband's death she was subsisting and being supported by his labor, and that she had no means of support except by his labor. In such action it is proper to show what were the plaintiff's means of support.

5. SAME—*former decision distinguished.* In *Chicago and Northwestern Railway Co. v. Moranda,* 93 Ill. 308, it was held error to admit proof that the plaintiff had no other means of support than that arising from the earnings of the deceased. That was under a different statute,—one giving compensation for causing death by wrongful act or neglect, when the recovery was for the pecuniary loss sustained,—and has no application to this case.

6. SAME—*evidence in exclusion of exemplary damages, when no such damages are sought.* In an action by a wife, against a saloon keeper, to recover damages caused to her means of support by the sale of liquor to her husband, the defendant offered to prove that he had given orders to his bartender not to sell any liquor to the husband, in order to show the case was not one calling for exemplary damages, which the court refused to allow: *Held,* as the record did not show the case was one for exemplary damages, or that any such damages were sought, there was no error in excluding the evidence.

7. SAME—*evidence—proof of sale by defendant.* In a suit by a widow, against a saloon keeper, to recover damages for injury to her means of support, resulting from a sale of liquor to her husband, a witness testified that he had been in defendant's saloon with the plaintiff's husband the evening before his death, and saw the latter take a drink there; that he and the husband proceeded down street until they came to another saloon, where the latter wanted to take *another* drink: *Held,* that this last evidence was not obnoxious to the objection of getting in a statement of the husband, corroborating the witness' testimony, that the husband had already taken one drink at the defendant's. It showed no more as to *another* drink, than that the witness deemed it as such.

8. INSTRUCTION—*as to preponderance of the evidence.* An instruction that "by a preponderance of the evidence is not necessarily meant a greater number of witnesses, but if the plaintiff has proven the material allegations of her declaration by such evidence as satisfies and produces conviction in the minds of the jury, then she has proven her case by a preponderance of the evidence," is not open to the objection of ignoring the evidence on the part of the defendant, but leaves the jury free to determine the case from all the evidence on both sides, especially when the jury is fully instructed, on the part of the defendant, that the plaintiff must prove every material allegation of her declaration by a preponderance of the evidence in the case, and that the jury must give to the testimony of each witness such weight as, in their judgment, it is entitled to, and that if the evidence was equally balanced, to find for the defendant.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

Messrs, BARNUM, RUBENS & AMES, for the plaintiffs in error:

We contend that a party has a right, after the acceptance of a juror, and before he is sworn, to challenge such juror peremptorily; and such right is not subject to the discretion

or the control of the court, so long as it is confined to the number of peremptory challenges allowed by law. *Hendrick* v. *Commonwealth*, 5 Leigh, 707; *Jackson* v. *Pittsford*, 8 Blackf. 194; *Hunter* v. *Parsons*, 22 Mich. 96; *Johns* v. *People*, 25 id. 500; *Hamper's Appeal*, 51 id. 71; *State* v. *Pritchard*, 15 Nev. 74; *People* v. *Kohle*, 4 Cal. 199; *People* v. *Jenks*, 24 id. 11; *People* v. *Carpenter*, 36 Hun, 315; *Hooker* v. *State*, 4 Ohio, 348; *Beauchamp* v. *State*, 6 Blackf. 299; *Munley* v. *State*, 7 id. 593; *Morris* v. *State*, id. 607; *People* v. *Reynolds*, 16 Cal. 128; *People* v. *Ah You*, 47 id. 121; *Brake* v. *State*, 51 Ala. 30; *Kleinback* v. *State*, 2 Speers, 351; *Schumacker* v. *State*, 5 Wis. 324; *Lindsley* v. *People*, 6 Park. Cr. 233; *Drake* v. *State*, 51 Ala. 30; *People* v. *Bodene*, 1 Denio, 281; 1 Chitty on Crim. Law, 545; *People* v. *Carrier*, 49 Mich. 442; *State* v. *Armington*, 25 Minn. 92.

It was error to admit proof that plaintiff had no other means of support save that arising from the earnings of the deceased. *Railroad Co.* v. *Moranda*, 93 Ill. 308.

The court erred in allowing the witness Drum to state that Smith wanted to take another drink. The witness could tell what took place, without, in substance, relating what Smith said. The witness, by his answer, contrived to get in a statement, as coming from Smith, to corroborate witness' testimony that Smith had already taken one drink.

Plaintiff's fifth instruction tells the jury "if the plaintiff has proven her declaration by such evidence as satisfies and produces conviction in the minds of the jury, then she has proven her case by a preponderance of the evidence." It in effect tells the jury that if the evidence for the plaintiff, standing alone, proves to their satisfaction the allegations of her declaration, then she has proven her case by a preponderance of the evidence, without reference to the evidence for the defendants, and without requiring the jury to consider all the facts and circumstances in the case.

It may be said that other instructions in the series correctly state the law upon this point, but in a case where there may be a doubt whether substantial justice has been done, each instruction of defendant in error must state the law correctly, or there should be a reversal. *Village of Warren* v. *Wright,* 3 Bradw. 602; *Railroad Co.* v. *Murray,* 62 Ill. 326; *Baldwin* v. *Killian,* 63 id. 550; *Railroad Co.* v. *Moffitt,* 67 id. 431; *Railroad Co.* v. *Payne,* 49 id. 449.

Mr. JAMES S. EWING, and Messrs. PITTS, BENT & LINDLEY, for the defendant in error:

By the English practice, each juror is sworn as soon as he has been examined and accepted. *State* v. *Potter,* 18 Conn. 176; *Regina* v. *Frost,* 9 C. & P. 136.

The statute requires that the jury shall be examined and accepted in panels of four. After that has been done, the right to challenge for cause shown, even in criminal cases, is wholly in the discretion of the trial court. *Belt* v. *People,* 97 Ill. 461; *Bridge Co.* v. *Pearle,* 80 id. 254; *Cone* v. *Rogers,* 7 Metc. 500; *State* v. *Cameron,* 2 Chand. 172; *Drake* v. *State,* 3 Texas App. 649; *Baker* v. *State,* 3 id. 526; *Herback* v. *State,* 43 Texas, 242.

There was no error in admitting evidence of the plaintiffs' means of support. The *Moranda case* was under a very different statute. A recovery under the statute in that case is not for an injury in the widow's means of support, but for an injury to the estate, and the sum recovered passes to the widow or next of kin. That the evidence was proper, see *Flynn* v. *Fogarty,* 106 Ill. 263; *Keedy* v. *Howe,* 72 id. 133; *Fentz* v. *Meadows,* id. 540; *Kellerman* v. *Arnold,* 71 id. 632; *Meidel* v. *Anthis,* id. 241; *McCann* v. *Roach,* 81 id. 213; *Confrey* v. *Stark,* 73 id. 187.

There was no error in admitting the answer of Drum that Smith wanted to take another drink. The answer was responsive to the question.

Plaintiffs' fifth instruction has no such meaning as is sought to be given to it. It could not mislead, in view of the instructions given for the defendant.

As no claim was made for exemplary damages, there was no error in excluding evidence of defendant's orders not to sell liquor to Smith.

On the question that no claim for exemplary damages could be made by the plaintiffs on her proofs, we cite the following: *Kellerman* v. *Arnold,* 71 Ill. 632; *Hackett* v. *Smelsley,* 77 id. 109; *Freese* v. *Tripp,* 70 id. 496; *Fentz* v. *Meadows,* 72 id. 540; *Albrecht* v. *Walker,* 73 id. 69; *Brantigam* v. *While,* 73 id. 561; *Bates* v. *Davis,* 76 id. 222; *McEvoy* v. *Humphrey,* 77 id. 388.

"The court will not award a new trial on the ground of an improper instruction, where it appears from the record that substantial justice has been done." *Pahlman* v. *King,* 49 Ill. 266; *Rankin* v. *Taylor,* id. 451; *Warren* v. *Dickson,* 27 id. 115; *Clark* v. *Pageter,* 45 id. 185; *Beseler* v. *Stephani,* 71 id. 400; *Hewett* v. *Jones,* 72 id. 218; *Burling* v. *Railroad Co.* 85 id. 18; *Lowry* v. *Coster,* 91 id. 182; *Grier* v. *Puterbaugh,* 108 id. 602.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

This was an action on the case, under section 9 of the Dram-shop act, brought by the defendant in error, Maria Smith, against John J. Mayers and Harry H. Miller, to recover damages for an injury to her means of support by reason of the death of her husband, David Smith, caused, as alleged, by intoxication produced by intoxicating liquors, obtained, by purchase or gift, from the defendants. The plaintiff recovered in the circuit court. The judgment was affirmed by the Appellate Court for the Third District, and the defendants bring their writ of error to reverse the judgment of the Appellate Court.

In impaneling the jury in the circuit court, the plaintiff and defendants passed upon and accepted two panels of four jurors each, and in doing so defendants used but one peremptory challenge. While passing upon the third panel of four, and before it was accepted by defendants, and before any of the jury were sworn, and while defendants had two unused peremptory challenges, defendants offered to challenge peremptorily the jurors Owen and Carpenter, who were in the panels previously accepted, but not sworn. The court refused to permit the challenges, or either of them. Defendants excepted, and made no further peremptory challenges. This ruling of the court is assigned for error.

Section 21, chapter 28, of our statute respecting jurors, is as follows: "Upon the impaneling of any jury in any civil cause now pending or to be hereafter commenced in any court in this State, it shall be the duty of the court, upon request of either party to the suit, or upon its own motion, to order the full number of jurors into the jury-box before either party shall be required to examine any of the said jurors touching their qualifications to try any such causes: *Provided*, that the jury shall be passed upon and accepted in panels of four, by the parties, commencing with the plaintiff." Section 23 is: "The provisions of this act shall apply to proceedings in both civil and criminal cases." Section 49, chapter 110, of the Revised Statutes, provides, that "in all civil actions each party shall be entitled to a challenge of three jurors, without showing cause for such challenges."

It is contended that the statutory right of challenging any juror peremptorily, may be exercised at any time before the juror is sworn, notwithstanding he may have previously been passed upon and accepted by both parties. Decisions are cited from other States which favor such position. But such decisions, made in States where there are no statutory provisions of adverse bearing, are of but little authority in the determination of a case under our statute. The common law

rule is said to be as is above contended for. Under the practice at common law, no such case would arise as is here presented, of a party reserving his power of peremptory challenge until after he had examined and passed upon the whole twelve jurors, or eight of them, for causes of challenge, and then to claim the exercise of such right of peremptory challenge as to jurors who had previously been passed upon and accepted, for the reason that the practice there was to require each juror to be sworn when his examination was completed.

In the case of *The State* v. *Potter*, 18 Conn. 176, in answer to the claim of right to make a peremptory challenge at the party's own time, provided it was done before the juror was sworn, the court observe: "But it is said that by the English practice the party has a right to challenge until the juror is sworn. There, each juror is sworn as soon as he has been examined and opportunity given for challenges. By our practice, the jurors are none of them sworn until all have been examined and opportunity offered for challenge. Here, when one has been examined and opportunity to challenge given, he is directed to take his seat as a juror, just as in England after he has been sworn." And it was in that case held, under the practice in that State, that the peremptory challenge of a juror after he had been examined and opportunity to challenge given, and he was directed to take his seat as a juror, was properly disallowed, as made too late, although made before the juror had been sworn. And see *Horback* v. *The State*, 43 Texas, 242; *State of Wisconsin* v. *Cameron*, 2 Chand. 172; *Commonwealth* v. *Rogers*, 7 Metc. 500.

The question here arising is one upon the construction of the provision of our statute, "that the jury shall be passed upon and accepted in panels of four, by the parties, commencing with the plaintiff." What is meant by this passing upon and acceptance of jurors? Does it not imply their examination, the exercise of the challenges in regard to them which are to be exercised, and the taking of them as jurors

in the case? And when the statute says the passing upon and acceptance of the jury shall be in panels of four, is it not a direction that that shall be the mode of the procedure, and an exclusion of any other mode? If, after two panels of four jurors have been passed upon and accepted by both parties, and a third panel of four is called, a party may, as is claimed here, go back and peremptorily challenge any one of the eight which have been passed upon and accepted, what becomes of the mandate of the statute that the jury shall be passed upon and accepted in panels of four? It would be made insignificant and meaningless. We are of opinion that the right of peremptory challenge here claimed does not consist with this statutory provision; that whatever may have been the rule at common law as to the exercise of the right of peremptory challenge at any time before the juror is sworn, under our statute such right of peremptory challenge is cut off with respect to any one of a panel of four jurors which has been passed upon and accepted by both parties.

In *Sterling Bridge Co.* v. *Pearl,* 80 Ill. 251, it was said: "By providing that the jury shall be passed upon in panels of four, commencing with the plaintiff, it would seem clear that each panel must be accepted by both parties before calling upon another. * * * When a panel of four is accepted, they become a part of the jury, and a panel of four more is called up." In *Belt* v. *People,* 97 Ill. 461, it was held, where a panel of four jurors had been passed upon and accepted by the plaintiff and tendered to the defendant, and before there had been acceptance by the defendant or being sworn, that it was not error to allow a challenge, by the plaintiff, of one of such jurors for cause. It was said the permission to re-examine the juror and show cause of challenge, was a matter within the discretion of the court.

The question which is here presented and decided, is as to the *right* of peremptory challenge. We decide or intimate

29—121 ILL.

nothing in respect of a court's discretion as to the allowance of a peremptory challenge in such a case.

Error is assigned in the admission of evidence by the plaintiff, that at the time of her husband's death she was subsisting and being supported by his labor, and that she had no means of support except by his labor. The subject of the claim in this action, under the statute, is, for injury to the plaintiff in her means of support; and in order to the ascertainment of what is the injury in that regard, it is, of course, a proper subject of inquiry what the plaintiff's means of support were. (See *Flynn* v. *Fogarty,* 106 Ill. 263; *Keedy* v. *Howe,* 72 id. 133; *Confrey* v. *Stark,* 73 id. 187.) The testimony was properly admitted.

The case of *Chicago and Northwestern Railway Co.* v. *Moranda,* 93 Ill. 308, is referred to as holding that it was error to admit proof that plaintiff had no other means of support than that arising from the earnings of the deceased. That was a different sort of action, under a different statute,—one giving compensation for causing death by wrongful act or neglect, where the recovery was for pecuniary loss sustained; and it was held to be immaterial what were the pecuniary resources of the plaintiff after the decedent's death. The decision does not apply to the present case.

The witness Drum, after testifying that he had been in Miller's saloon with Smith the evening before Smith's death, and had seen Smith take a drink there, stated that he and Smith proceeded south on Main street until they came to Hoker's saloon. Drum was then asked:

Q. "What took place there?

A. "He wanted to take another drink."

The admission of this answer is alleged to be error. It is said, Drum, by this answer, got in a statement, as coming from Smith, to corroborate Drum's testimony that Smith had already taken one drink. We do not see that this objection lies to the answer. It does not purport to be a statement of Smith

that he wanted to take another drink. It showed no more as to *another* drink, than that the witness deemed it as such.

It is urged that it was erroneous to exclude evidence offered by defendant Miller, that he had given orders to his bar-tender not to sell any liquor to Smith. It is said the evidence was proper to show that the case was not one for exemplary damages. The record does not show the case to be one for exemplary damages, or that any question of exemplary damages was in any way raised, and there is no reason to think that there was anything given by the jury for exemplary damages. We perceive no error in the exclusion of the evidence.

The following instruction given for the plaintiff is complained of as being erroneous, viz:

"By a preponderance of the evidence is not necessarily meant a greater number of witnesses, but if the plaintiff has proven the material allegations of her declaration by such evidence as satisfies and produces conviction in the minds of the jury, then she has proven her case by a preponderance of the evidence."

It is said the instruction in effect tells the jury that if the evidence for the plaintiff, standing alone, proves to their satisfaction the allegations of plaintiff's declaration, then she has proven her case by a preponderance of the evidence, *without reference to the evidence for the defendants,* and without requiring the jury to consider *all the facts and circumstances shown by the evidence in the case,* as should have been done. We do not think the instruction to be obnoxious to the criticism which is made upon it, but that it left the jury free to determine the case with reference to the evidence for the defendants, and to consider in such determination all the facts and circumstances shown by the evidence in the case. And any possible tendency there might have been in the instruction to mislead in such respect, was counteracted by other instructions given for the plaintiff, that she must establish every material question in issue by a preponderance of

the evidence in the case, and that the jury must give to the testimony of each witness such weight as, in the judgment of the jury, it was entitled to ; and by instruction for the defendants the jury were told, that before the plaintiff could recover she must prove each and every allegation of her declaration by a preponderance of the evidence, and that if the evidence as to the right of recovery preponderated in favor of the defendants, or was equally balanced, the jury should find in favor of the defendants. Surely, as thus instructed, the jury could not have been misled by the instruction complained of, to think that they might consider the case upon the plaintiff's testimony alone, without reference to the evidence for the defendants, and all the facts and circumstances shown by the evidence in the case.

Finding no material error in the record, the judgment must be affirmed. .            *Judgment affirmed.*

Mr. JUSTICE SCOTT took no part in the consideration of this case.