### Peoria, D. & E. Ry. Co. v. Emma Puckett, Administratrix.

1. JURORS—*Peremptory Challenge After Panel Accepted.*—A peremptory challenge should not be allowed after the jury has been accepted, without good cause shown.

2. EVIDENCE—*Habits of Injured Party.*—In an action to recover

damages for a death by negligent acts, evidence tending to show that the deceased was habitually careless and reckless in the performance of his duty, is competent.

3. INSTRUCTIONS—*Risks of the Employment.*—It is error to instruct the jury that an employe does not assume the risk of a cattle-guard or other danger, even though known to him, unless it has been properly constructed.

4. EMPLOYES—*Duty to Choose the Less Dangerous of Different Ways.* —Where an employe has the power to adopt his own method of doing work, and he voluntarily selects of two ways the more dangerous, he does so at his peril, and can not recover for any injury resulting from such selection; as where a brakeman chose to disconnect cars while in motion when he could have done so while they were not.

Memorandum.—Action for damages. Death from negligent act. Appeal from the Circuit Court of Coles County; the Hon. EDWARD P. VAIL, Judge, presiding. Heard in this court at the May term, 1893. Reversed and remanded. Opinion filed October 28, 1893.

## STATEMENT OF THE CASE.

The deceased was uncoupling a car about midnight, in the usual and customary manner for doing that work, and while doing it in the ordinary way, he slipped into a hole in the track and was killed.

There had been a cattle-guard there, but the fence had been removed, and there was nothing to warn him. The cattle-guard there had been abandoned, and the hole was not necessary for that purpose. The fence and cattle-guard had been moved back two hundred feet.

The hole was five feet long, and so deep that a man stepping into it would sink down to his pocket. It was useless and unnecessary as a culvert, as there was no ditch running into the same. After the death of the plaintiff's decedent, a box twelve inches square was put in and the hole filled up.

APPELLANT'S BRIEF, STEVENS & HORTON AND WILEY & NEAL, ATTORNEYS.

Plaintiff voluntarily uncoupled the cars while in motion, a negligent act sufficient to defeat a recovery. Henderson v. Coons, 31 Brad. 75; O. & M. Ry. v. Bass, 36 Brad. 126; St. L. B. & I. Co. v. Burke, 12 Brad. 369; St. L. B. & I. Co. v. Brennan, 20 Brad. 555; Penn. Co. v. Hankey, 93 Ill. 580.

The manner of performing the duty of uncoupling was under his control, and if he stepped upon the track and walked along between the cars while uncoupling them, he violated the rules of the company, and was guilty of negligence in so doing. C. & A. v. Bragonier, 119 Ill. 51; L. S. & N. S. v. Roy, 5 Brad. 82; Lacroy v. N. Y. L. E. & W. (N. Y.), 30 N. E. 391; Schaub v. H. & St. J. R. R. (Mo.), 16 S. W. 924; E. T. V. & G. Ry. v. Smith (Tenn.), 14 S. W. 1077; R. & D. R. Co. v. Risdon (Va.), 12 S. E. 787; Gordy v. N. Y. P. & N. R. Co. (Md.), 23 At. 607; Pryor v. L. & N. R. R. (Ala.), 8 So. 55; Sedgwick v. I. C. R. R. (Ia.), 41 N. W. 35.

The cattle-guard was apparent to ordinary observation, and hence was among the dangers assumed by plaintiff. Henderson v. Coons, 31 Brad. 75; St. L. & S. E. Ry. v. Britz, 72 Ill. 256; C., R. I. & P. v. Clark, 108 Ill. 113; C., R. I. & P. v. Clark, 11 Brad. 104; Simmons v. C. & T. R. R., 110 Ill. 340, 348; C. & T. R. R. v. Simmons, 11 Brad. 147; McCormick Machine Co. v. Burandt, 136 Ill. 170; R. & D. R. Co. v. Risden (Va.), 12 S. E. 786; Davidson v. So. Pac. Co., 44 Fed. 476; Brooks v. North Pac., 47 Fed. 687.

CRAIG & CRAIG, attorneys for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This case was here at a former term. (42 App. 642.) In its main features the case is substantially as it was then, and it is not necessary, therefore, to restate the facts or the respective theories of the parties. The judgment was for the plaintiff, and the record is again brought here by the appeal of the defendant. Various errors are assigned, and the arguments thereon are quite extended, but we shall notice only such points as seem to be most important.

1st. It is urged the court erred in permitting the plaintiff below to challenge peremptorily one of the jurors after the jury had been sworn, and after the opening statements had been made. No reason was given for such action.

As it appears from the record the court granted the leave

upon the mere request of the plaintiff and against the objection of the defendant.    This was error.    Mayers v. Smith, 25 Ill. App. 57; 121 Ill. 442.

A peremptory challenge should not be allowed after the jury has been accepted, without good cause shown.

To permit a party to take such a course would often result in giving him an undue advantage over his adversary, who may have accepted a panel of four because the challenged man was one of them.    If one side may so challenge the other may, and thus one half of the jury might be discharged after the opening statements.    Such a practice would be intolerable.

2d.    It is argued that the court erred in refusing evidence offered by the defendant tending to show that the deceased was habitually careless and reckless in the performance of his duty as a brakeman.

It was a material question for the jury whether at the time he was injured, he exercised ordinary care.    There was no direct proof on this point.    Indeed, it is but a matter of inference how he received the injury.    Under such circumstances, proof as to his habit as to carefulness was competent.    Gardner v. C., R. I. & P. Co., 17 Brad. 262; A. A. P. & P. Co. v. Baier, 20 App. 376; McNulta v. Loughridge, 32 App. 86; C., R. I. & P. Co. v. Clark, 108 Ill. 113.

It was error to refuse this evidence.

3d.    The defendant asked for the following instruction without the words in brackets :

11.    " You are further instructed that while it was the duty of defendant to provide a reasonably safe road-bed and structure, yet it was also Puckett's duty to be mindful of the known dangers of his work; and if you believe from the evidence that he knew the culvert or cattle-guard, in its then condition, was there, or by the exercise of ordinary observation might have known it (*and it had been properly constructed*) then he was bound to guard against it; and if, with such knowledge, he was injured in consequence of such culvert, the defendant can not be held liable in this case, and your verdict should be not guilty."

The court declined to give it as drawn but inserted the words in parenthesis and then gave it as so modified. The effect of this modification was to advise the jury that if they found the culvert or cattle-guard was not "properly constructed" then, though Puckett knew it was there, he was not bound to guard against it. This we think was error.

The question whether the cattle-guard was "properly constructed," so far as the evidence referred to it, mainly depended on whether it was necessarily or properly where it was. It was not so much a question of proper construction as of proper location. Perhaps it was not necessarily there. Perhaps it should or might as well have been further on.

But, be this as it may, if deceased knew it was there it must be presumed, in the absence of objection on his part, that he assumed the extra hazard arising therefrom. Mo. Furnace Co. v. Abend, 107 Ill. 44; Wharton on Negligence, Sec. 206; Stafford v. C. B. & Q. R. R., 114 Ill. 244.

It is unnecessary to multiply authorities on this point.

The court stated in the fifth instruction for defendant the principle underlying this instruction as asked, and had it merely refused the instruction because the rule was already stated with sufficient clearness there would perhaps have been no ground for complaint, but by the modification the court in effect nullified the fifth instruction.

4. The court refused the eighth and ninth instructions asked by the defendant.

The eighth was as follows:

(8) "You are further instructed that if you believe from the evidence the deceased, Puckett, was employed by defendant company as railway brakeman upon a freight train, and that he, at the time of his injury and immediately prior thereto, had charge of the switching of the cars and the mode and manner in which they should be connected and disconnected, and that he could have chosen a safe way of disconnecting cars by doing so while they were stationary, but instead thereof he voluntarily chose to disconnect the cars while in motion, then if that was a dangerous method and so known to him, and he was injured in consequence

thereof, there can be no recovery in this case, and your verdict should be not guilty."

The ninth was substantially the same.

We are clearly of opinion the principle stated in these instructions was correct and that it was applicable to the facts before the jury.

The point was sufficiently discussed in our former opinion and it is unnecessary to add anything to what was then said.

It was argued by counsel for appellee when the case was first here that appellant expected and required its employes to disconnect cars while in motion. We find nothing in the present record to sustain such position nor is it now so argued. For the errors indicated the judgment must be reversed and the cause remanded.