(No. 61082.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. LARRY EUGENE MOSS, Appellant.

*Opinion filed October 3, 1985.*

James J. Doherty, Public Defender, of Chicago (Linda J. Seeley and Ronald P. Alwin, Assistant Public Defenders, of counsel), for appellant.

Neil F. Hartigan, Attorney General, of Springfield, and Richard M. Daley, State's Attorney, of Chicago (Mark L. Rotert, Assistant Attorney General, of Chicago, and Joan S. Cherry and Mary Pat Butler, Assistant State's Attorneys, of counsel), for the People.

JUSTICE MILLER delivered the opinion of the court:

Following a police investigation of a service station robbery, defendant, Larry Eugene Moss, was charged by information with armed robbery, armed violence, and unlawful restraint. A jury in Cook County found defendant guilty of armed robbery and unlawful restraint. The court sentenced defendant to 13 years' imprisonment for the armed-robbery conviction, and to a concurrent three-year term for unlawful restraint. Defendant appealed, contending that the trial court erred in failing to allow him to exercise a peremptory challenge against a previously accepted juror. The appellate court affirmed the convictions and sentences. (128 Ill. App. 3d 183.) We allowed the defendant's petition for leave to appeal (94 Ill. 2d R. 315(a)), and now affirm the judgment of the appellate court.

At issue in this appeal is whether Supreme Court Rule 434 (87 Ill. 2d R. 434, now Rule 434(a) (103 Ill. 2d R. 434(a))) grants the trial court discretion to prohibit parties from peremptorily challenging those prospective jurors the party has passed upon and tendered. If we

find such discretion does exist under the rule, we must then determine whether the trial court impaired defendant's peremptory-challenge rights by exercising its discretion in the present case.

Facts relevant to this appeal are not in dispute. Prior to initiating jury selection, the trial judge advised opposing counsel that once a side passed upon a panel of four prospective jurors and tendered the panel to the other side, the side tendering the panel would not be allowed to challenge a venireman previously tendered. After the opponent excused a member of the tendered panel, accepted another juror, then retendered the panel, the first side could, however, challenge the venireman who was substituted. Defense counsel objected to the restriction on the use of peremptory challenges, but was overruled.

Jury selection began. Two panels of four jurors each were accepted by the parties, and were sworn. The State then tendered a panel which included Ms. Terry Lach. The defense excused one juror from this panel, accepted another, and tendered the panel, including Ms. Lach, to the State. The State excused the newly substituted venireman, accepted another, then tendered the panel to the defense. At this time, defense counsel sought to excuse Ms. Lach through exercise of a peremptory challenge. Defense counsel explained that the composition of the panel had changed because of the new person on the panel. The trial judge noted the procedural rule he had announced prior to the initiation of jury selection, and denied the request to excuse Ms. Lach. The trial judge stated that he had established the rule to avoid "gamesmanship," and held that, under the present supreme court rules, jury selection was within the judge's discretion. After acknowledging the court's earlier mention of the restriction, defense counsel reiterated his objection to the procedure. The defense did not challenge the juror most recently substituted by the State, but rather ac-

cepted the panel as tendered. The third panel was then sworn, and two alternate jurors were selected. The jury subsequently found defendant guilty of armed robbery and unlawful restraint.

The procedure for exercising peremptory challenges in criminal trials was formerly set forth by statute, rather than by supreme court rule. Section 115—4(f) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 115—4(f)) stated: "After examination by the court the jurors shall be examined, passed upon, accepted and tendered as a panel of 4 commencing with the State. ***" In 1980, the General Assembly amended section 115—4(f) to read: "After examination by the court the jurors may be examined, passed upon, accepted and tendered by opposing counsel as provided by Supreme Court rules." Ill. Rev. Stat. 1983, ch. 38, par. 115—4(f).

Effective April 1, 1982, before the trial here, this court enacted Supreme Court Rule 434:

> "In criminal cases the parties shall pass upon and accept the jury in panels of four, commencing with the State, unless the court, in its discretion, directs otherwise." (87 Ill. 2d R. 434.)

The rule was recently amended and its scope broadened. The former Rule 434 is now Rule 434(a) (103 Ill. 2d R. 434(a), eff. May 1, 1985). The recent amendment has not altered the rule in a manner which impacts upon the present case.

Defendant contends that under Rule 434 a trial judge does not have discretion to prohibit peremptory challenges of jurors previously passed upon and tendered by the challenging party. Further, defendant maintains that his peremptory rights were impaired by the procedure established by the trial court, and he submits that, under *Swain v. Alabama* (1965), 380 U.S. 202, 13 L. Ed. 2d 759, 85 S. Ct. 824, he is entitled to reversal of his con-

victions without a showing of prejudice.

Reciting, in part, the traditional method of jury selection, Rule 434 governs the impaneling of juries in criminal cases. Under the "traditional" method of jury selection in Illinois, each side passes upon and tenders jurors in panels of four, after exercising its desired peremptory challenges to obtain nonobjectionable veniremen. The traditional approach permits parties to "back-strike": after tendering a panel, a party may exercise a peremptory challenge against a juror originally passed upon and tendered, if opposing counsel excuses a juror, accepts another, then retenders the panel. Until both sides have accepted the same panel, either party may peremptorily challenge a venireman previously tendered to the other side. See *People v. Schanda* (1933), 352 Ill. 36; *People v. Gray* (1911), 251 Ill. 431; *People v. Murray* (1966), 73 Ill. App. 2d 376; see also *Needy v. Sparks* (1977), 51 Ill. App. 3d 350 (back-striking permissible in civil case).

Rule 434(a) does not abrogate the traditional selection procedure; rather, the rule permits the use of the traditional method unless the court directs that a different procedure be used. Rule 434, unlike its statutory predecessor, section 115—4(f) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 115—4(f)), contains the language "unless the court, in its discretion, directs otherwise." (87 Ill. 2d R. 434.) These words give the trial court discretion to modify the traditional procedure of impaneling juries, and to dispense with the traditional power of back-striking. (See *People v. Robinson* (1984), 121 Ill. App. 3d 1003, 1012.) The trial court has discretion to alter the usual procedure for exercising peremptory challenges if both parties have adequate notice of the system to be used and the method chosen does not unduly restrict the use of challenges. In the present case, the trial court did not abuse its discretion under the rule when the court prohibited back-striking.

Defendant asserts that, by prohibiting back-striking, the trial court impaired defendant's right of peremptory challenge. The denial or impairment of the peremptory right is reversible error without a showing of prejudice to the defendant. (*Swain v. Alabama* (1965), 380 U.S. 202, 219, 13 L. Ed. 2d 759, 772, 85 S. Ct. 824, 835.) *Swain*, however, does not mandate an unbounded right of peremptory challenge; reasonable limits, including a maximum number of peremptories, are necessary if the judicial process is to function effectively. See, *e.g., People v. Robinson* (1984), 121 Ill. App. 3d 1003, 1013, and *People v. Villa* (1981), 93 Ill. App. 3d 196, 200 (once both sides have accepted and tendered an entire panel, neither party may exercise a peremptory challenge against a panel member).

The trial court's rule against back-striking neither denied nor impaired defendant's peremptory right. Rather, the court, by its rule, defined when the right was to be exercised. A procedural limitation upon peremptory challenges does not deny or impair the peremptory right if the procedure affords both parties fair opportunity to detect bias or hostility on the part of prospective jurors, and if the procedure allows both parties a fair chance to peremptorily excuse any venireman. See *Pointer v. United States* (1894), 151 U.S. 396, 35 L. Ed. 208, 14 S. Ct. 410.

The trial court's prohibition against back-striking was a permissible limitation upon defendant's peremptory right. The court, prior to initiating *voir dire*, expressly notified both parties of its prohibition against back-striking, and the court questioned in detail each of the prospective jurors. Defense counsel tendered the panel, including Ms. Lach, after having had full opportunity to excuse Ms. Lach by peremptory challenge. There is nothing in the record to indicate bias or prejudice on the part of Ms. Lach or any of the other jurors. After becoming

dissatisfied with the composition of the panel, defense counsel retained power to challenge the person who altered the panel's composition. Had counsel previously expended his quota of peremptories, however, counsel could not claim that he should be allowed to alter the composition of the panel, nor could he argue that defendant's peremptory rights were impaired.

The trial judge was within his discretion under Rule 434 when he disallowed peremptory challenges of veniremen the challenging party had previously tendered. The trial court, by limiting the time at which peremptory challenges could be made, did not impair defendant's peremptory right.

For the reasons stated, we affirm the judgment of the appellate court.

*Judgment affirmed.*