CHERYL L. KOESTER, Plaintiff-Appellant, v. DENA SUE JOHNSON, Defendant-Appellee.

Fourth District No. 4—86—0918

Opinion filed July 23, 1987.

Gary F. Geisler, of Geisler, Waks & Geisler, of Decatur, for appellant.

James V. Mancuso, Jr., of Mancuso & Tietz, of Decatur, for appellee.

JUSTICE GREEN delivered the opinion of the court:

On August 12, 1985, plaintiff, Cheryl L. Koester, brought suit in the circuit court of Macon County against defendant, Dena Sue Johnson, seeking recovery for personal injuries arising from an automobile collision. After a trial by jury on September 29, 1986, the court entered judgment in the sum of $5,400 on a verdict in favor of plaintiff. The jury found plaintiff to have been damaged in the amount of $6,750 but found plaintiff's negligence to have been 20%. Plaintiff has appealed. Her only claim of error is that the circuit

court should not have denied a peremptory challenge made by plaintiff as to one of the jurors sworn to try the case. Defendant responds by contending that: (1) any error was induced by plaintiff, (2) the ruling was not error under the circumstances; (3) plaintiff waived the error by not objecting at trial and not making specific reference to it in her post-trial motion; and (4) any error was harmless.

The peremptory challenge by plaintiff was made in the following course of jury selection. The court announced that "[w]e'll select a jury in panels of four" but that six prospective jurors would be called to the box. The court stated that it would examine all six and then the lawyers were to ask questions of the four. However, when the court was through with examining the six, plaintiff proceeded to examine all six and peremptorily challenged two. He then tendered the four to the defendant, who challenged one and then told the court that the three were acceptable. The court then called three more jurors into the box and examined them. Then the defendant examined them, peremptorily challenged one and stated that she accepted and tendered the two. Plaintiff's counsel examined the two and announced, "We'll accept the panel as it now stands."

After a short recess, the court called five more jurors into the box, and they were examined by counsel for plaintiff, who then said, "We'll tender the panel." Defense counsel then questioned the five, during which time one juror was excused. Defense counsel then stated that the defense "[w]ould accept all four of these people on the panel." The court then recessed for lunch, after which five more jurors were called into the box. One was excused by the court and plaintiff's counsel then examined the remaining four. One of those prospective jurors was excused by the court for cause. Plaintiff's counsel then stated, "We'll tender the three." The defense properly peremptorily challenged two of those jurors, leaving only a Charlotte Loser from the group which the plaintiff had tendered. Three more jurors were then called into the box, whereupon the court then examined the three new jurors and Charlotte Loser. The court then excused one of that group of four. Defense counsel then began examining the remaining three jurors and excused one of them. Two more jurors were then called into the box and examined by the court and then by defense counsel.

During the course of the examination by defense counsel, Charlette Loser stated that she had been in a collision once where the vehicle she was in had been struck in the rear by another vehicle, and she had assumed that, under those circumstances, the

driver of the rear vehicle was always ticketed. Defense counsel then peremptorily challenged one of the last two persons called into the box. Defense counsel then stated that he accepted and tendered the other three jurors. Plaintiff's counsel then began examining the remaining prospective jurors and, in the process, asked a question of Charlotte Loser. The defense then objected, asserting that the plaintiff had already accepted Loser. Plaintiff's counsel responded that he had a right to question and challenge Loser because "[a] panel has been broken." The court responded:

"I'm familiar with respect to the cases of back-striking. I thought when we started, we'd go by six and pick them as we go. That's my understanding, so, I'm going to hold that Mrs. Loser has been accepted."

Plaintiff had not exhausted her peremptory challenges at that time.

The record then recited that, at a side-bar conference between court and counsel while the jurors were present, plaintiff's counsel "indicated to the court" that "we'll be able to excuse Mrs. Loser" on the basis that a panel had been broken. The recitation stated that plaintiff took the position that "we would like to be able to excuse Mrs. Loser." The court then responded, "show the motion denied."

■ Section 21 of "An Act concerning jurors, and to repeal certain acts therein named" provides that in civil cases "the jury shall be passed upon and accepted in panels of four by the parties, commencing with the plaintiff." (Ill. Rev. Stat. 1985, ch. 78, par. 21.) This State has followed a rule of ancient origin whereby a panel has not been accepted until accepted by both sides, and, when a panel has been "broken," the party tendering the panel has a right to make further available peremptory challenges. (*People v. Gray* (1911), 251 Ill. 431, 96 N.E. 268; *Mayers v. Smith* (1887), 121 Ill. 442, 13 N.E. 216.) This right in civil cases is not affected by Supreme Court Rule 234 (107 Ill. 2d R. 234) providing for the *voir dire* examination of jurors. (See Ill. Ann. Stat., ch. 110A, R. 234, Historical and Practice Notes, at 488 (Smith-Hurd 1985).) Nor is it affected by Supreme Court Rule 434, which provides for a similar method of selection of jurors in criminal cases "unless the court, in its discretion, directs otherwise." 107 Ill. 2d R. 434; see *People v. Moss* (1985), 108 Ill. 2d 270, 483 N.E.2d 1252.

The record does not support the circuit court's contention that there had been any directive at the start of the case "to pick them as they go." The court stated that the jury would be selected in panels of four, but six jurors would be called into the box. The first

group of jurors tendered by plaintiff was a panel of four. Any deviation from the usual practice was induced by the method of selection followed by the court. The plaintiff acceded to this to some extent in that groups of less or more than four were treated as a panel. Plaintiff never acceded to a procedure whereby each individual was treated as a panel. Notably, when the last group of three was called into the box, they joined Loser, who had already been examined by the court and had been part of the group examined and tendered by the plaintiff and examined by defendant. Nevertheless, the court addressed its subsequent questions not only to the three new prospective jurors but also to Loser. We must conclude that plaintiff neither induced a procedure whereby she lost a right to challenge a member of a tendered but broken panel nor otherwise waived such a right.

■■ The appropriate procedure for plaintiff to have followed to raise the issue of her right to peremptorily challenge the juror Loser would have been to do just that and obtain a ruling on the challenge. We hold that the request she made of the court was, in effect, a challenge, and the court's response was a denial of the challenge. This issue was properly raised at trial. It was also properly preserved for review by plaintiff's post-trial motion. The first point raised in that motion stated that the court had denied the plaintiff's "motion for a mistrial during jury selection for failure to allow the Plaintiff to exercise a peremptory challenge" in that:

> "d. In the case at bar, Plaintiff had tendered the second panel to the Defendant, and the Defendant in questioning Juror Loser brought out her involvement in two rear-end collisions and her belief that the rear driver always gets the ticket. The Defendant used a peremptory challenge and the Court excused a juror for cause and the panel was then re-tendered to Plaintiff. The Court in a sidebar prohibited the Plaintiff from questioning Juror Loser or exercising a peremptory challenge to excuse her, although the panel as tendered initially had been broken, and the Plaintiff had three peremptory challenges remaining. At the conclusion of Jury selection, the Plaintiff's motion for a mistrial was denied."

The motion met the specificity requirements of *Brown v. Decatur Memorial Hospital* (1980), 83 Ill. 2d 344, 415 N.E.2d 337.

In *Swain v. Alabama* (1965), 380 U.S. 202, 219, 13 L. Ed. 2d 759, 772, 85 S. Ct. 824, 835, the United States Supreme Court indicated that at common law a party improperly denied a peremptory challenge was presumed to have been prejudiced. However, in *Needy v. Sparks* (1977), 51 Ill. App. 3d 350, 366 N.E.2d 327, the plaintiff

had tendered a panel to the defendant, who examined the panel, excused one prospective juror, examined the replacement on the panel and announced that it accepted the panel. Then, while the plaintiff was examining the panel broken by the defendant, the defendant sought to challenge an additional prospective juror peremptorily but was refused permission to do so. The First District upheld the trial court on the basis that: (1) any right defendant would have had to make a peremptory challenge after he had tendered the panel back to plaintiff would not arise unless plaintiff broke the tendered panel; and (2) in any event, defendant was not harmed, because the evidence in favor of the plaintiff was overwhelming.

■ Plaintiff makes the dubious assertion here that she was prejudiced by being required to take Loser as a juror, because she believed that police ordinarily ticket all drivers of vehicles who collide with vehicles in front of them. However, plaintiff's dissatisfaction with the judgment in her favor is that it was not high enough. Her claimed injury was in the nature of "whiplash," a type of injury the severity and consequences of which are very difficult for a trier of fact to appraise. We cannot say that the evidence which held the value of the damages suffered by plaintiff to the sum of $6,750 was overwhelmingly correct. Thus, the reason for upholding the verdict in *Needy* even if the court erred in denying a proper challenge is not present here.

The error in denying the challenge was reversible error. The judgment for plaintiff must be reversed and the case remanded to the circuit court of Macon County for a new trial.

Reversed and remanded.

McCULLOUGH and LUND, JJ., concur.