THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
STEVE BENNETT, Defendant-Appellant.

Third District   No. 3—94—0615

Opinion filed August 16, 1996.

Peter A. Carusona (argued), of State Appellate Defender's Office, of Ottawa, for appellant.

James Glasgow, State's Attorney, of Joliet (John X. Breslin and J. Paul Hoffmann (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE HOLDRIDGE delivered the opinion of the court:

Defendant, Steve Bennett, was charged by indictment with attempted first degree murder (count I), aggravated battery with a firearm (count II), armed violence (count III), aggravated discharge of a firearm (counts IV and V), and unlawful sale of firearms (count VI). A Will County jury acquitted defendant of count VI, but found him guilty on all remaining counts. The circuit court sentenced him to concurrent terms of 14 years' imprisonment on all counts. Defendant appeals, contending that he was denied his constitutional right to be present during a portion of *voir dire* and that he was convicted of more than one offense arising out of the same physical act. We remand the cause to the circuit court of Will County for a new trial.

## VOIR DIRE

This case involved extensive publicity. During *voir dire*, the court asked potential jurors whether they had read or heard anything about the case. After 14 out of 29 jurors responded in the affirmative, upon defense counsel's suggestion, the court took them into a back hallway for individual questioning.

Initially, counsel, a court reporter, and defendant were present in the hallway; however, the court ordered defendant back inside. In doing so, the court stated that there was a security risk in having him in the hallway and that potential jurors would be influenced by the presence of an armed guard along with him. The court offered defense counsel all the time he needed to relay information to defendant, but counsel objected, noting defendant's constitutional right to be present was being violated.

The court proceeded to ask the 14 potential jurors whether they had any preconceived notions about the case, whether they could

base their decisions on the evidence, and whether they could give both parties a fair trial. Counsel was permitted to question hesitant jurors, and as a result of their responses, some jurors were excused for cause both on the court's motion and on defense counsel's motion.

Proceedings then continued in open court. Upon learning that one potential juror knew defendant and his parents, the court, over defense counsel's continuing objection, questioned this person outside of defendant's presence, with counsel and a court reporter present.

Upon returning to the courtroom, the court stated that it would be asking potential jurors whether they or any family member had been a victim of, charged with, or convicted of a crime. The court gave them the opportunity to respond in private, and over defense counsel's continuing objection, two potential jurors were questioned outside of defendant's presence, with counsel and a court reporter present.

Thereafter, defense counsel moved for a mistrial based upon comments made by the court and one potential juror during in-court *voir dire*. The motion was granted, but after consulting with defendant, defense counsel withdrew the motion. Although the People argued that a mistrial was in order, defense counsel maintained that he and defendant were fully capable of protecting defendant's rights. The court noted that defendant's choice to withdraw the motion showed his satisfaction with the venire and all of the questions asked. The People moved for a mistrial, which the court denied.

*Voir dire* continued in open court, and all potential jurors stated that they would be fair and impartial and would follow the law given them. A jury was selected, with five of those selected having been questioned outside of defendant's presence. Defendant and the People both used six peremptory challenges in the selection of the jury, and one more each in the selection of alternate jurors.

In addition to defendant's constitutional objections during *voir dire*, he filed a post-trial motion reiterating his objections, which the court denied. On appeal, defendant first contends that he was denied his constitutional right to be present and his right to an impartial jury.

## ANALYSIS

■ A dispute exists concerning the standard of review applicable to this case. The People, citing *People v. Bean*, 137 Ill. 2d 65, 81 (1990), maintain that in order for defendant to establish a denial of his constitutional right to be present, he must prove that a constitutional right, *i.e.*, the right to confront witnesses, to present a defense, to an impartial jury, *etc.*, was affected by his absence.

We note, however, that the court in *Bean* applied a plain error analysis. Since the evidence in *Bean* was not closely balanced, the court determined that only if defendant was deprived of a substantial right could it find that his absence from part of *voir dire* was plain error. In the instant case, considering defendant's constitutional issue was properly preserved for appeal, we find the plain error standard of review applied in *Bean* not applicable.

We agree with defendant that this court should reverse his convictions unless the People show that the error was harmless. In *People v. Smith*, 38 Ill. 2d 13, 15 (1967), citing *Chapman v. California*, 386 U.S. 18, 24, 17 L. Ed. 2d 705, 710, 87 S. Ct. 824, 828, the court recognized that a constitutional error may be harmless and noted that, in determining whether such error was harmless, it must be shown beyond a reasonable doubt that the error could not have contributed to defendant's conviction.

In turning to defendant's constitutional challenge, we recognize it is well settled that defendant has the right to appear and defend himself in person at all stages of trial, including jury selection. Ill. Const. 1970, art. I, § 8; U.S. Const., amend. XIV.

■ Initially, we note that defendant may waive his right to be present if done voluntarily, knowingly, intelligently, and " 'with sufficient awareness of the relevant circumstances and likely consequences.' " *People v. Johnson*, 75 Ill. 2d 180, 187 (1979), quoting *Brady v. United States*, 397 U.S. 742, 748, 25 L. Ed. 2d 747, 756, 90 S. Ct. 1463, 1469 (1970). The record in this case establishes that at no time did defendant waive his right to be present. Further, we do not consider defendant's withdrawal of his motion for mistrial to affect his right to be present and to an impartial jury.

The Illinois Supreme Court and the United States Supreme Court have limited the situations in which the denial of the right to be present is a constitutional violation. We first consider this issue under Illinois constitutional law.

Defendant's right to be present is not absolute; however, he is guaranteed the right to be present at any stage of a criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure. *People v. Jones*, 185 Ill. App. 3d 208, 214 (1989), citing *Kentucky v. Stincer*, 482 U.S. 730, 745, 96 L. Ed. 2d 631, 647, 107 S. Ct. 2658, 2667 (1987). See also *People v. Kubat*, 94 Ill. 2d 437, 493-94 (1983).

Jury selection is a critical stage of trial. *Bean*, 137 Ill. 2d at 84. Although the court in *Bean* found defendant's denial of his right to be present did not constitute plain error, *i.e.*, none of the jurors questioned outside of his presence served on the jury that convicted

him, the court recognized that "usually the exclusion of a defendant from jury selection will result in an unfair trial." *Bean*, 137 Ill. 2d at 84.

■ In the instant case, defendant was excluded from 17 individual *voir dire* sessions involving 16 of 29 potential jurors. In excluding defendant, the trial court stated that defendant was a security risk and that the armed guard accompanying him would influence venire members. The trial court also commented that defendant was entitled to be in the courtroom, but not in the hallway.

We agree with defendant that his right to be present under the Illinois Constitution was improperly denied and find that the trial court's reasons for violating his constitutional right fall short of justifying such a denial. There is nothing in the record to suggest that defendant was disorderly, disruptive, or disrespectful to the court. While in the courtroom, the jurors were in the presence of defendant and of other court officials, and there is no evidence in the record that such company intimidated them. Likewise, the trial court's statement suggesting that defendant was not entitled to be present in the hallway during individual *voir dire* sessions is erroneous.

■ Next, in determining whether defendant received an impartial jury, our focus concerns the impartiality of the jury that actually sat in judgment. *People v. Reinbold*, 247 Ill. App. 3d 498 (1993). The Illinois Constitution guarantees defendant an impartial jury, as opposed to a jury of choice. *People v. Henderson*, 142 Ill. 2d 258 (1990). The court in *Bean*, 137 Ill. 2d at 88, acknowledged, however, that "the procedure of *in camera voir dire* without defendant's presence and without defendant's express waiver of this right is improper and, in some cases, will inevitably result in the denial of a defendant's fundamental rights to a fair trial by an impartial jury."

■ In this case, during individual *voir dire* sessions outside of defendant's presence, in responding to the trial court's questions concerning their fairness to both parties and their ability to base their decision on the evidence presented, venire member responses included, "I believe so," "I guess I could," and "I would hope so."

Five persons who took part in these sessions served on the jury that convicted defendant. Had defendant been present, however, he could have influenced whether any of these five venire members served on the jury. This is because defendant's presence would have given him the opportunity to observe facial expressions and listen to the tone of voices as responses were given. In so doing, defendant would have formed his own impressions and could have peremptorily challenged one or more of the five jurors selected. Because defendant

challenges the impartiality of the jury that convicted him, the possibility that one or all of these five jurors could have been excluded had he been present contributes to the unfairness of the *voir dire* process.

The right to use peremptory challenges is not denied or impaired " 'if the procedure affords both parties fair opportunity to detect bias or hostility on the part of prospective jurors, and if the procedure allows both parties a fair chance to peremptorily excuse any venireman.' " *People v. Daniels*, 172 Ill. 2d 154, 165 (1996), quoting *People v. Moss*, 108 Ill. 2d 270, 276 (1985). The denial or impairment of defendant's peremptory right is reversible error without a showing of prejudice to defendant. *Moss*, 108 Ill. 2d at 276; *Swain v. Alabama*, 380 U.S. 202, 13 L. Ed. 2d 759, 85 S. Ct. 824 (1965).

In light of *Daniels*, we find that the hinderance of defendant's right to determine juror challenges is an impairment of that right and is presumed prejudicial. We are unable to say that defendant's jury was impartial because defendant's presence and active assistance may have revealed prejudice in any of those five venire members selected. Under these circumstances, we find that defendant's constitutional right to an impartial jury was not preserved.

As we are unable to say beyond a reasonable doubt that violating defendant's right to be present and right to an impartial jury did not contribute to his convictions, we cannot say that the error was harmless. We now consider defendant's right of presence under the United States Constitution.

The federal right of criminal defendants to be present at their trials is not an absolute constitutional right, but arises from the due process clause of the fourteenth amendment. *Stincer*, 482 U.S. at 745, 96 L. Ed. 2d at 647, 107 S. Ct. at 2667; *United States v. Gagnon*, 470 U.S. 522, 526, 84 L. Ed. 2d 486, 490, 105 S. Ct. 1482, 1484 (1985); *Snyder v. Massachusetts*, 291 U.S. 97, 105-06, 78 L. Ed. 674, 678, 54 S. Ct. 330, 332 (1934).

A defendant's due process right of presence under the United States Constitution is violated only when his absence results in his being denied a fair and just trial. *Snyder*, 291 U.S. at 107-08, 78 L. Ed. at 679, 54 S. Ct. at 333.

Since the instant defendant was excluded from a portion of *voir dire*, the fairness of his trial centers upon the impartiality of his jury. Like the Illinois Constitution, the United States Constitution guarantees defendant an impartial jury, as opposed to a jury of choice. *Henderson*, 142 Ill. 2d at 291-92. Therefore, the issue is whether defendant's absence from individual *voir dire* sessions resulted in an unfair trial because it caused him to be tried and convicted by a jury prejudiced against him.

As previously stated, defendant disputes the impartiality of his jury and the fairness of his trial by asserting that the five jurors who were questioned outside of his presence served on the jury that convicted him. Because none of these five jurors were excused for cause by the trial court, defendant could have influenced whether or not they would become jurors had he been present.

In light of the fact that defendant's presence may have resulted in the exclusion of one or more of the five jurors who convicted him, we find that the individual *voir dire* sessions excluding defendant, and without defendant's express waiver of his right to be present, resulted in the denial of his fundamental right to a fair trial by an impartial jury under the United States Constitution.

## MULTIPLE CONVICTIONS

■ The People maintain that they reserve the right to retry defendant on all five counts. Given our disposition of defendant's first issue, it is unnecessary for this court to address defendant's contention that he was convicted of more than one offense arising out of the same physical act. However, we do find that the People may not retry defendant on count VI, as he was acquitted of that charge. Further, we find that the evidence presented at trial was sufficient for a jury to find defendant guilty beyond a reasonable doubt. This does not mean that we are making a finding as to the defendant's guilt or innocence which will be binding in a new trial, but, rather, our consideration of the evidence admitted at trial will protect the defendant's constitutional right against double jeopardy. *People v. Taylor*, 76 Ill. 2d 289, 309-10 (1979); *People v. Hammock*, 121 Ill. App. 3d 874, 883-84 (1984).

## CONCLUSION

Based upon the foregoing, this court remands the cause for a new trial finding that defendant was denied both his right to be present and to an impartial jury under the Illinois Constitution and his due process right to a fair trial guaranteed by the fourteenth amendment of the United States Constitution.

Cause remanded to the circuit court of Will County for a new trial.

Remanded.

McCUSKEY and SLATER, JJ., concur.