**Kurt E. JOHNSON, Petitioner–Appellant,**

v.

**William E. BOYD, Respondent–Appellee.**

No. 00–2892.

United States Court of Appeals, Seventh Circuit.

Argued March 7, 2001.

Decided March 29, 2001.

Before Hon. DIANE P. WOOD, Hon. TERENCE T. EVANS, Hon. ANN CLAIRE WILLIAMS, Circuit Judges.

ORDER

During jury selection at Kurt Johnson's state murder trial, the court, with coun-

sel's consent, conducted portions of the voir dire process in the hallway. Johnson was not present at the time, nor did he personally agree to this procedure. He now contends that his exclusion from portions of voir dire violated his due process rights and that he is entitled to a new trial. Furthermore, he claims that trial counsel's failure to object to the unconventional voir dire procedure, and appellate counsel's failure to raise the issue on direct appeal, violated his Sixth Amendment rights. We affirm the district court judgment denying Johnson collateral relief. We also deny Johnson's request to expand the district court's certificate of appealability.

In 1993, Johnson shot and killed Michael Beshoar, the new boyfriend of Johnson's former girlfriend. The only issue at trial was Johnson's intent: he claimed self defense, but the jury convicted him of first-degree murder. The Will County, Illinois, circuit court sentenced him to 38 years in prison.

Johnson's trial judge habitually engaged in the practice of questioning potential jurors who revealed a possible basis for a cause challenge in the hallway outside his courtroom and outside the presence of defendants. Johnson's attorney expressly consented to this procedure, noting that it avoided the possibility of tainting the entire venire with prejudicial information possessed by a single candidate. Johnson himself was not present in the hallway for the questioning, nor was he advised that he had a right to be present, nor did he specifically indicate that he was consenting to this procedure. In the end, three members of the eventual jury that sat in his case had been subjected to this form of *in camera* questioning, and Johnson claims that, had he known what was said, he would have asked his lawyer to challenge at least two (Jurors Norberg and Henegar) for cause. Johnson's conviction was affirmed on direct appeal.

We will coin the phrase "hallway voir dire" to describe what happened, as that is what the parties have called it (even though we have not been able to locate other published decisions that use this terminology). On post-conviction review, the Illinois Court of Appeals held that Johnson's hallway voir dire claim was waived because he did not raise it on direct appeal. It noted further that counsel's express acquiescence to hallway voir dire reflected a legitimate strategic goal—namely, to avoid prejudicing the jury venire when individual potential jurors admitted to prior knowledge of the case from pretrial publicity—and, for this reason, Johnson could not show ineffective assistance. Reviewing Johnson's petition for federal habeas corpus relief under 28 U.S.C. § 2254, the district court concluded that Johnson procedurally defaulted his hallway voir dire claim and that the state court's judgment regarding the ineffective assistance claim was not contrary to, or an unreasonable application of, federal law. It accordingly denied Johnson's petition. The district court did, however, grant Johnson a certificate of appealability limited to his ineffective assistance of counsel claim.

In order to decide whether the district court correctly rejected Johnson's claim of ineffective assistance of counsel, we must first consider the underlying defects in counsel's performance about which Johnson is complaining. Everyone agrees that Johnson's trial counsel said that he was waiving Johnson's right to be present during the portions of voir dire that took place in the hallway. The question, therefore, is whether a defendant's right to be present during the entire voir dire is, as Johnson argues, one of the small number of personal rights that the defendant himself must knowingly and explicitly waive, or if on the other hand it is a right that counsel is

entitled to waive on the defendant's behalf. The Supreme Court has thus far identified only four personal rights that a defendant has the exclusive authority to waive: the right to a trial, the right to a jury, the right to testify, and the right to represent oneself. *Jones v. Barnes,* 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). With respect to many other rights, whether constitutional or statutory, the Court has held that "waiver may be effected by action of counsel." *New York v. Hill,* 528 U.S. 110, 114, 120 S.Ct. 659, 145 L.Ed.2d 560 (2000).

In *United States v. Boyd,* 86 F.3d 719 (7th Cir.1996), this court firmly placed "[d]ecisions on selection of a jury ... among the many entrusted to counsel rather than to defendants personally." *Id.* at 723; see also *United States v. Gagnon,* 470 U.S. 522, 526, 105 S.Ct. 1482, 84 L.Ed.2d 486 (1985) (holding that the Due Process Clause does not entitle a defendant personally to attend a conference with a juror who was concerned about the defendant's sketching a picture of him; counsel's presence was sufficient). The federal appeals courts that have addressed the issue of counsel's acquiescence to conducting portions of jury voir dire outside a defendant's presence take a consistent position. These courts have held that counsel's acquiescence forfeits any objection to that process. See *United States v. Rolle,* 204 F.3d 133, 138 (4th Cir.2000); *United States v. Gibbs,* 182 F.3d 408, 437 (6th Cir.1999) ("No objection was registered with respect to the exercise of peremptory challenges in the jury room in the absence of the defendants, however, and we therefore review this issue for plain error."); *United States v. Tipton,* 90 F.3d 861, 874 (4th Cir.1996); *United States v. Dioguardi,* 428 F.2d 1033, 1039 (2d Cir.1970).

Johnson urges us to find that "critical stage" analysis requires a different result, but we disagree. As noted by the district court, critical stage analysis pertains to when a defendant is entitled to the assistance of counsel and not to whether the right protected by counsel is personal to the defendant. Johnson indisputably was entitled to counsel during voir dire and in fact was represented by counsel at that stage in his criminal proceedings.

■ For these reasons, we conclude that Johnson's attorney had the power to waive Johnson's presence during portions of voir dire, and, as we have already noted, it is undisputed that counsel did so. Returning to the issue on which the certificate of appealability was granted, we conclude that Johnson has not shown a Sixth Amendment violation under these circumstances. First, counsel was doing nothing outside the permissible scope of his responsibility. Second, as the state court reasonably found, Johnson did not establish deficient performance by counsel because counsel's decision was strategic—he wanted to avoid the possibility of a single potential juror's prejudicial knowledge tainting the entire venire. *United States v. Pergler,* 233 F.3d 1005, 1009 (7th Cir. 2000) ("When reviewing ineffective assistance of counsel claims, we presume that the attorneys made reasonable judgments and decline to second guess strategic choices.").

■ Finally, Johnson claims that his appellate counsel was ineffective for failing to raise his hallway voir dire claim on direct appeal because *People v. Bennett,* 282 Ill. App.3d 975, 218 Ill.Dec. 574, 669 N.E.2d 717 (Ill.App.Ct.1996), declared the practice invalid under the Illinois Constitution. There are two problems with this argument. First, *Bennett* was decided on August 16, 1996, one month after the appellate court affirmed Johnson's conviction and sentence. The Constitution does not require attorneys to be prescient. Accordingly, Johnson has not shown deficient performance by appellate counsel. Sec-

ond, the *Bennett* defendant raised an objection to the practice of hallway voir dire, whereas Johnson did not. The same court that decided *Bennett* later decided *People v. Starks*, 287 Ill.App.3d 1035, 223 Ill.Dec. 313, 679 N.E.2d 764 (Ill.App.Ct.1997), holding that defendants who did not object to hallway voir dire forfeited their claims and are required to show plain error to obtain relief. This is precisely how Johnson's post-conviction court treated his claim and, thus, he cannot show that counsel's alleged error prejudiced him.

For these reasons, we AFFIRM the district court judgment. Additionally, Johnson has not made a substantial showing of the denial of his constitutional rights with regard to his *Batson* claim. Accordingly, we DENY his request to expand the certificate of appealability issued by the district court.