# 9273

## STATE v. SANDERS.

### (88 S. E. 10.)

HOMICIDE. CRIMINAL LAW AND PROCEDURE. APPEAL AND ERROR. EVIDENCE. JURORS. WITNESSES. CHARGE. NEW TRIAL.

1. CRIMINAL LAW—PROCEDURE—ALLEGATIONS AND PROOF.—Where there is no offer of testimony to sustain allegations of fact a motion based thereon is properly overruled.

2. CRIMINAL LAW—APPEAL AND ERROR.—The burden is upon appellant to show errors of fact on the part of the trial Court in overruling motion to quash panel of jurors.

3. JURORS—CONSTITUTIONAL LAW—Civil Code 1912, sec. 4017, does not violate the provisions of the Constitution, art. V, sec. 22, with reference to the qualifications of jurors.

4. APPEAL AND ERROR—TRIAL—EVIDENCE.—The exclusion of cumulative evidence where not prejudicial to appellant is not ground for reversal.

5. JURORS—TRIAL.—When a juror called to service in a cause where the defendant's counsel was a colored man, states on examination under his *voir dire,* that he felt a resentment in that particular case, which might prejudice him in rendering a verdict, a "natural resentment" against a lawyer of the colored race pleading before the jury, the trial Judge erred in not excusing him for cause.

6. WITNESSES—TRIAL.—It is within the discretion of the trial Judge to permit the examination of a witness, who remained in the Court room after an order excluding witnesses.

7. HOMICIDE—CHARGE.—A charge that either expressed or implied malice, if proven beyond a reasonable doubt, would sustain a verdict of guilty of murder, is not prejudicial.

8. CHARGE — REQUESTS — APPEAL AND ERROR. — In the absence of a request for the charge of a specific proposition of law, its omission cannot be assigned as error.

9. NEW TRIAL.—A motion for new trial on after-discovered testimony will not be considered on *ex parte* affidavits without giving the State an opportunity to reply thereto.

10. NEW TRIAL.—Where the record shows evidence to support a verdict, a new trial will not be granted for failure of testimony.

Before RICE, J., Columbia, June, 1915. Reversed.

FOOTNOTE.—As to prejudice against race or color of party to action disqualifying juror, see note in 23 A. & E. Ann. Cas. 969.

James Sanders, convicted of murder, appeals. Refusing motion for new trial, the Circuit Judge said:

"I could not even entertain a motion for a new trial and order a new trial without giving the State an opportunity to rebut those affidavits. What I mean to say, it would not be proper now for me on an *ex parte* showing to entertain a motion for a new trial on after-discovered evidence.

"I want to explain that that will not cut you out of making your motion, and in order to preserve your rights I will tell you now that I will not entertain that motion or pass on it, so that if you see fit to make a motion for a new trial on after-discovered evidence you can do so. It is not proper to do so now at this time on *ex parte* showing without giving the State a proper showing."

The other facts are stated in the opinion.

*Messrs. Jacob Moorer* and *N. J. Frederick,* for appellants, cite: *As challenge to grand jury:* 56 S. C. 388; 177 U. S. 442; 162 U. S. 592; 170 U. S. 213. *Discrimination in excluding jurors:* 100 U. S. 314; *Ib.* 309; 103 U. S. 370; 100 U. S. 340. *Effect of illegal drawing:* 62 S. C. 247, 250; 63 S. C. 548; 83 S. C. 218; 2 Speer 211; 1 Rich. 188; 2 Gray (Mass.) 84, 188; 109 U. S. 65; 140 U. S. 575; 116 U. S. 252. *Qualifications of jurors:* Civil Code 1912, sec. 4017; 118 U. S. 356; 12 S. E. 76; 100 S. C. 340. *Right to challenge:* Crim. Code 1912, sec. 82; 27 S. C. 80; 7 Rich. 412. *Exclusion of witnesses:* 48 S. C. 142. *Charge on malice:* 72 S. C. 201. *Self-defense:* 47 Mo. 612; 148 Mo. 185; 49 S. W. 1085; Wharton Cr. Law (9th ed.) 98, 100, secs. 500, 501; 158 U. S. 550; 2 Bishop New Crim. Law, sec. 706, note, and 716, note; 25 Ga. 532; 90 Mo. 608. *Affidavits on motion for new trial:* 89 S. C. 14; 89 S. C. 44; 2 Bailey 289; 1 Greenleaf Ev., sec. 372.

*Mr. Solicitor Cobb,* for respondent, submits: *Civ. Code, sec. 4017, constitutional:* 79 S. C. 187; 80 S. C. 332; 218 U. S.

161. *Objections for cause to jurors:* 65 S. C. 244.
*Sequestration of witnesses:* 1 Greenleaf Ev. (16th ed.)
536, 537; 1 Hill 250; 3 Strob. 33; 35 S. C. 283; 48 S. C.
136; 35 S. C. 175; 56 S. C. 360.

February 26, 1916.

The opinion of the Court was delivered by MR. CHIEF
JUSTICE GARY.

The defendant, James Sanders, and his wife, Adlee San-
ders, were indicted for the murder of Charles T. Ellers;
and, upon their trial, the jury rendered a verdict of "not
guilty," as to Adlee Sanders, and "guilty of murder," as to
James Sanders.

The sentence imposed upon the appellant by the Court,
was, that he suffer death by electrocution, on the 16th of
July, 1915.

He appealed upon numerous exceptions, which will be
reported.

The first exception is as follows:

"It is respectfully submitted that his Honor erred in over-
ruling, without giving opportunity to prove, the motion
to quash the indictment wherein it is alleged, that the
grand jury was unlawfully constituted, in that, in
the formation of the same, discrimination was made
against the negro race because of race and color."

It does not appear from the record, that the appellant's
attorneys offered to introduce any testimony to sustain the
facts alleged in said motion.

The second exception is as follows:

"Because his Honor erred in overruling the motion to set
aside the array of petit jurors, on the ground that it was
not a lawful panel for the reasons that: (1) The testi-
mony shows undoubtedly, that discrimination against
the negro race was made in the formation of the said
panel because of race and color, and (2) because
the law under which the panel was made up is unconstitu-

tional, in that the said law gives the jury commissioners the power to add other qualifications which control those provided by the Constitution."

The first assignment of error under this exception cannot be sustained, as it has not been made to appear, that his Honor, the presiding Judge's findings of facts were erroneous. And, it is only necessary to refer to the case of the *State* v. *Franklin,* 80 S. C. 332, 60 S. E. 953, which was affirmed on appeal by the United States Supreme Court (*Franklin* v. *South Carolina,* 218 U. S. 161, 30 Sup. Ct. 640), to show that the second assignment of error cannot be sustained.

The third exception is as follows:

"Because his Honor erred in not allowing the registration books to be put in evidence to show the extent to which the registered names thereon are marked, for the purpose of showing race and color, for the reasons that the registration books are the best evidence of the facts sought to be proven."

Even if there was error it was not prejudicial, as it was conceded that, on the books there are a great many names marked with the letter "C." or "Col." to indicate that they were colored people. His Honor, the presiding Judge, ruled, however, that this was not a sufficient reason for sustaining the motion; and in so ruling, it has not been made to appear that there was error.

The fourth exception is as follows:

"Because his Honor erred in forcing the defendant to use his peremptory challenge, against Jurors R. L. Bailey and T. D. Murtiashaw, when they should have been set aside by the Court for cause, for the reason that the on examination on *voire dire,* the said jurors said that they had formed an opinion, and were prejudiced in this particular case."

When the juror, R. L. Bailey, was sworn on his *voire dire,* the record shows that the following took place:

"Q. Mr. Bailey, are you related by blood or connected by marriage with Charles T. Ellers that these people are accused of killing? A. No, sir. Q. Did you know him in his lifetime? A. I did not. Q. Have you formed or expressed any opinion as to the guilt or innocence of these people? A. I have not. Q. Are you conscious of any bias in your mind for or against them? A. It is not exactly bias, your Honor; but I feel a resentment in this particular case which might prejudice me in rendering a verdict. * * * The Court: Mr. Bailey, do you think your feeling would have any effect upon any verdict you might render after you hear the evidence and the law? A. I believe I could render a verdict based on the law and evidence. But, as I stated, I feel a prejudice in this particular case. * * * The Court: I will ask you again, Mr. Bailey, you know how you feel about it; can you give these defendants and the State a fair and impartial trial in this case? A. I could." * * *

Cross-examined by appellant's attorneys:

"Q. Have you seen or heard anything of this case? A. I have not. Q. You have not heard about it? A. No, not that I know of. Q. How did you get that feeling that you spoke of a while ago? A. I am listening to it. Q. And from what you listen to, that creates a feeling in you? A. Yes, and a natural resentment for one of your race pleading to a jury that I am on."

His Honor, the presiding Judge, ruled, that the juror was competent, and that he should be presented to the prisoner, who rejected him. It is admitted that the defendant exhausted his peremptory challenges before the panel of jurors was completed. It is true, the juror stated that he could give the prisoner and the State a fair and impartial trial, but as he also stated that he felt a resentment in this particular case, which might prejudice him in rendering a verdict; that, as stated, he felt a prejudice in this particular case; and that he felt a natural resentment against a lawyer of the colored race, pleading to a jury of which he was

a member, this Court is satisfied that his Honor, the Circuit Judge, erroneously exercised his discretion, in ruling that the juror was competent.

There was no error, however, in ruling that T. D. Murtiashaw was a competent juror.

The fifth exception is as follows:

"Because his Honor erred in allowing J. A. Scott, coroner, to testify in reply, after it was ordered that the witnesses must be severed, and said J. A. Scott remained in Court with the understanding that he would not be called as a witness, and also as to Mrs. Amelia Tinsley, who, after her examination in chief, was allowed to remain in Court throughout the whole procedure, and was afterwards used by the State as a witness in reply."

It has not been made to appear that his Honor, the Circuit Judge, erroneously exercised his discretion, in the respect mentioned in the exception.

The sixth exception is as follows:

"Because his Honor erred in charging the jury as follows: But the law says there are two kinds of malice; there is expressed malice and implied malice, either of which, if proved by the State beyond a reasonable doubt, would justify a jury, gentlemen, in returning a verdict of guilty of murder, said charge being an erroneous statement of the law and prejudicial to the defendant, in that it gave to the jury too great a latitude, and was contrary to law."

It appears so plainly, the charge was not prejudicial, that we do not deem it necessary to discuss such a proposition.

The seventh exception is as follows:

"Because his Honor erred in failing to charge the jury, that the presumption of innocence is a presumption of law in favor of the defendant, in that the failure to instruct the jury as to the presumption of innocence excludes from the minds of the jury a portion of the evidence."

This exception cannot be sustained for the reason that the appellant's attorney did not prepare a request embodying the proposition for which they now contend. The authorities involving this question are so numerous and so recent, that we do not deem it necessary to cite them.

The eighth exception is as follows:

"Because his Honor erred in not charging the jury, that where all the facts are brought out there is no presumption of malice from the use of a deadly weapon, but that malice must be established beyond a reasonable doubt the same as any other allegation."

What was said in disposing of the seventh exception is conclusive of this question.

The ninth exception is as follows:

"Because his Honor erred in overruling the motion in arrest of judgment and for a new trial in that sec. 4017, vol. I, Code 1912, is unconstitutional, for the reason (3) that said section gives to jury commissioners arbitrary power and authority in fixing the qualifications for jurors, above and beyond the qualifications prescribed by the Constitution; (2) in that his Honor refused to consider and pass upon the evidence submitted in support of said motion, which evidence was in the form of affidavits as to after-discovered evidence; (3) the verdict is not supported by the evidence and law governing this case. All of which was a denial of the defendant's rights under the fourteenth amendment of the Constitution of the United States."

The first assignment of error has already been considered.

The reasons stated by his Honor, the Circuit Judge, show, that the second assignment of error cannot be sustained. And, the record shows that the third assignment of error cannot be sustained.

It is the judgment of this Court that the judgment of the Circuit Court be reversed and that the case be remanded to that Court for a new trial as to the appellant.