## 21016

The STATE, Respondent, v. Gerald Lamar BAILEY, Appellant.

(257 S. E. (2d) 231)

*Steven J. Metalitz,* of *Epstein, McClain & Derfner,* Charleston, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Brian P. Gibbes* and *Sally G. Young,* Columbia, and *Sol. Capers G. Barr, III,* Charleston, *for respondent.*

July 31, 1979.

NESS, Justice:

Appellant Bailey was convicted of armed robbery and sentenced to twenty-five years. We affirm.

Appellant initially challenges the South Carolina statutory scheme for allocating peremptory strikes to prospective jurors in a criminal case. Code § 14-7-1110 (1976) provides in part:

"Any person who shall be arraigned for the crime of murder, manslaughter, burglary, arson, rape, grand larceny, breach of trust when it shall be punishable as for grand larceny, perjury or forgery shall be entitled to peremptory challenges not exceeding ten and the State in such cases shall be entitled to peremptory challenges not exceeding five. Any person who shall be indicted for any crime or offense other than those enumerated above shall have the right to peremptory challenges not exceeding five and the State in

such cases shall be entitled to peremptory challenges not exceeding five."

Prior to the selection of the jury, appellant's motion to be allowed ten peremptory challenges was denied. Appellant's motion was based on the contention that Code § 14-7-1110 deprived him of due process and equal protection of the law by granting ten challenges to persons accused of certain crimes for which maximum punishment was less severe than for armed robbery, and restricting him to five. We conclude the trial court correctly denied appellant's motion.

A peremptory challenge is an arbitrary rejection of a juror without cause. The exercise of the right of peremptory challenge affords an accused an opportunity to dismiss jurors who, he believes, for whatever reason, may be unfavorable to him. See 50 C. J. S. Juries § 280.

There is no constitutional right, state or federal, to *any* peremptory challenges; it rests entirely within the province of the legislature. *Stilson v. United States,* 250 U. S. 583, 40 S. Ct. 28, 63 L. Ed. 1154 (1919); *Commonwealth v. Cohen,* 203 Pa. Super. 34, 199 A. 2d 139 (1964); *People v.* Whitmore, 251 Cal. App. 2d 359, 59 Cal. Rptr. 411 (1967). According to 47 Am. Jur. 2d, Jury, § 234, p. 823:

"Generally speaking, peremptory challenges arise from the exercise of a privilege granted by the legislative authority. They are allowed by legislatures as an act of grace, rest entirely within the discretion of legislatures, can be exercised as a matter of right only to the extent allowed by statute, and must be taken subject to the legislative limitations placed upon the manner of their exercise."

Thus, the legislature's discretion in the mattter of peremptory challenges is circumscribed only by the necessity of granting the accused a fair and impartial trial. *State v. Persinger,* 62 Wash. 2d 362, 382 P. 2d 497 (Wash. 1963), appeal dismissed and cert. den. 376 U. S. 187, 84 S. Ct. 638, 11 L. Ed. 2d 603. We cannot say that the legislature has deprived persons charged with armed

robbery of their constitutional rights simply because it chose to limit their peremptory challenges to five.

This Court has previously been confronted with constitutional challenges to the penalty provided for safecracking in comparison with those penalties for similar offenses. *State v. Haulcomb,* 260 S. C. 260, 195 S. E. (2d) 601 (1973), app. dismissed 414 U. S. 886, 94 S. Ct. 229, 38 L. Ed. 2d 134; *Stockton v. Leeke,* 269 S. C. 459, 237 S. E. (2d) 896 (1977). In upholding the legislature's decision, we stated:

"It was within the province of the legislature to determine how serious specific offenses are and what sentences are appropriate. 'But the guaranty of equal protection of the laws does not affect the right of a state to punish one offense more severely than another.' 21 Am. Jur. 2d, Criminal Law—Punishment, Section 582." 269 S. C. at 465, 237 S. E. (2d) at 898.

Similarly here, the argument that the number of peremptories allotted to armed robbery is out of proportion to those allotted to less severely punished crimes is essentially an attack on the wisdom of the statute. It does not persuade us it is unconstitutional.

Appellant next asserts the trial court erred in denying his motion for a directed verdict no the armed robbery charge predicated on the testimony that the gun used in the crime was unloaded. This is without merit.

We hold that a gun used in a robbery is a deadly weapon regardless of its alleged inoperability. *People v. Hill,* 47 Ill. App. 3d 976, 6 Ill. Dec. 41, 362 N. E. 2d 470 (1977); *State v. Meek,* 53 Ohio St. 2d 35, 372 N. E. 2d 341 (1978); *State v. Hattori,* 19 Wash. App. 74, 573 P. 2d 829 (1978). Annotation, 79 A. L. R. (2d) 1426. The trial court properly refused appellant's motion for directed verdict.

Affirmed.

Lewis, C. J., and Littlejohn, Rhodes and Gregory, JJ., concur.