21473

The STATE, Respondent, v. Gary William LAMBERT, Appellant.
(279 S. E. (2d) 364)

*Asst. Appellate Defender Tara D. Shurling,* of *S. C. Commission of Appellate Defense,* Columbia, and *H. E. Bonnoitt, Jr.,* Georgetown, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. Kay G. Crowe, Russell D. Ghent* and *Lindy P. Funkhouser,* Columbia, and *Sol. James O. Dunn,* Conway, *for respondent.*

June 2, 1981.

Ness, Justice:

Appellant Gary William Lambert was convicted of criminal sexual conduct with a minor and sentenced to eighteen years imprisonment. We affirm.

Appellant first asserts the trial court erred in limiting him to five peremptory challenges. We disagree.

S. C. Code § 14-7-1110 (1976) provides in pertinent part:

"Any person who shall be arraigned for the crime of murder, manslaughter, burglary, arson, rape, grand lar-

ceny, breach of trust when it shall be punishable as for grand larceny, perjury or forgery shall be entitled to peremptory challenges not exceeding ten and the State in such cases shall be entitled to peremptory challenges not exceeding five. Any person who shall be indicted for any crime or offense other than those enumerated above shall have the right to peremptory challenges not exceeding five and the State in such cases shall be entitled to peremptory challenges not exceeding five."

In 1977 our rape statutes (S. C. Code § 16-3-630 to § 16-3-650) were repealed by the legislature and our present criminal sexual conduct statutes (S. C. Code § 16-3-651 to § 16-3-654) were adopted.

Peremptory challenges are not constitutionally required, but, rest solely within the discretion of the legislature. *State v. Bailey*, 273 S. C. 467, 257 S. E. (2d) 231 (1979). However, peremptory challenges serve to insure a fair and impartial trial, and to be effective must be exercised with full freedom *once granted. Swain v. Alabama,* 380 U. S. 202, 85 S. Ct. 824, 13 L. Ed. (2d) 759 (1965).

Here, the offense of criminal sexual conduct is not specifically enumerated in the statute, therefore, appellant was entitled to only the five peremptory challenges allowed. *State v. Bailey, supra.*

Moreover, the legislature, at the time the criminal sexual conduct statutes were adopted, could have amended § 14-7-1110 to include criminal sexual conduct as an offense entitling an accused to ten peremptory strikes. Until the legislature amends the statute a defendant is only entitled to ten peremptory challenges for the offenses specifically set forth therein.

Appellant next asserts the trial court erred in denying his motion for a continuance because of statements he made before the jury panel. We disagree.

A motion for a continuance is addressed to the sound discretion of the trial judge, and his ruling will not be disturbed on appeal absent an abuse of discretion. *State v. Patterson*, 273 S. C. 361, 256 S. E. (2d) 417 (1979). Moreover, appellant cannot· complain of error he voluntarily committed at trial. *State v. Faulkner*, S. C., 266 S. E. (2d) 420 (1980). Ths exception is without merit.

Appellant finally asserts the trial court erred in failing to qualify the thirteen year old prosecutrix as a witness before she testified. We disagree.

The qualification of a witness rests in the court's discretion and there is no fixed age an individual must attain in order to be a competent witness. *State v. Green*, 267 S. C. 599, 230 S. E. (2d) 618 (1976).

Here, we believe the witness was duly qualified by the trial judge, was asked if she knew what it was to tell the truth and after she testified the trial judge asked if she had understood the questions and she answered yes. We conclude there was no abuse of discretion in allowing the prosecutrix to testify.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.