## 21528

The STATE, Respondent, v. Geraldine ANDERSON, Appellant.

(281 S. E. (2d) 111)

*Joseph C. Coleman* and *John W. Foard, Jr.,* Columbia, for *appellant.*

*Atty. Gen., Daniel R. McLeod, Staff Atty., Lindy P. Funkhouser* and *Sol., James C. Anders,* Columbia, for *respondent.*

July 28, 1981.

*Per Curiam:*

Appellant was convicted of grand larceny and sentenced to six (6) years' imprisonment. We reverse.

At trial, over objection, the court limited appellant to five peremptory challenges to prospective jurors. She exhausted

her five challenges before the jury selection was completed and did not try to assert a sixth peremptory strike.

By statute, one arraigned on a charge of grand larceny is "entitled to peremptory challenges not exceeding ten . . ." S. C. Code of Laws § 14-7-1110 (1976). We construe this language to mean a grand larceny defendant shall be allotted a full ten peremptory strikes. See, *State v. Lambert,* 279 S. E. (2d) 364 (S. C. 1981). Appellant was therefore wrongfully denied her right to ten peremptory challenges.

This Court has reversed when prejudicial error in the allotment of peremptory challenges has appeared. See e. g., *State v. Anderson,* 59 S. C. 229, 37 S. E. 820 (1901) ; *State v. Briggs,* 27 S. C. 80, 2 S. E. 854 (1887). We think appellant, having objected to the limitation and having exhausted her allotted challenges, has shown prejudice. To venture a sixth challenge would have been futile.

Therefore, the judgment is reversed, the sentence vacated and the case remanded for a new trial.