613 So.2d 552 (1993)
Tony HAGERMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 91-3031.
District Court of Appeal of Florida, Fourth District.
February 3, 1993.
*553 Richard L. Jorandby, Public Defender, and Robert Friedman, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James J. Carney, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Tony Hagerman appeals his conviction for child sexual battery, arguing the trial court committed reversible error during jury selection, and, therefore, he is entitled to a new trial. We agree.
Hagerman was arrested and charged with two counts of capital sexual battery on his twenty month old daughter. At trial, Hagerman objected to three potential jurors, Sparkman, Kompa, and Rice. Hagerman attempted to remove Sparkman from the jury because she worked as a secretary in the juvenile division of the State Attorney's office, and she knew the prosecuting attorney. The trial court denied the challenge for cause, so Hagerman used a peremptory strike to remove Sparkman.
Hagerman also attempted to remove Kompa and Rice for cause since both gave equivocal answers when asked if they could follow the law in this case. The trial court denied both challenges for cause. Since Hagerman had already used all of his peremptory strikes, he requested additional peremptory strikes. The trial court denied this request.
Under Trotter v. State, 576 So.2d 691 (Fla. 1990) and Street v. State, 592 So.2d 369 (Fla. 4th DCA), rev. denied, 599 So.2d 658 (Fla. 1992), a new trial must be granted if a party was wrongfully forced to exhaust his peremptory strikes, and then the trial court failed to grant additional peremptory strikes in order to remove an objectionable juror. In addition, the objectionable juror must be one who actually sat on the jury after an unsuccessful challenge for cause. Thus, a new trial may be granted in the case sub judice if the trial court erred in failing to remove Sparkman for cause.
Sparkman not only worked in the State Attorney's office and knew the prosecuting attorney, she stated during voir dire that she did not believe that she could be fair and impartial. The trial court rehabilitated Sparkman by asking leading questions. The Third District held in Price v. State, 538 So.2d 486 (Fla. 3d DCA 1989) that where a potential juror is asked leading questions by the trial judge, the answers to those leading questions should not be the sole factor in rehabilitating that potential juror. In the instant case, the sole rehabilitation of Sparkman was from leading questions from the trial judge. We hold the trial court erred in not excusing Sparkman for cause.
Under Trotter and Street, therefore, a new trial is warranted in this case provided Hagerman is able to show at least one objectionable juror was on the jury panel. Hagerman objected to Kompa and Rice, both of whom sat on the jury panel. Since a "denial or impairment of the right [to peremptory challenges] is reversible error without a showing of prejudice," Street, 592 So.2d at 372 (quoting Swain v. Alabama, 380 U.S. 202, 219, 85 S.Ct. 824, *554 835, 13 L.Ed.2d 759 (1965)), we reverse Hagerman's conviction, and remand for a new trial.
REVERSED AND REMANDED.
ANSTEAD, GUNTHER and WARNER, JJ., concur.