511 S.E.2d 358

The STATE, Petitioner,

v.

Jimmy SHORT, Respondent.

No. 24879.

Supreme Court of South Carolina.

Heard Nov. 5, 1998.

Decided Jan. 18, 1999.

Attorney General Charles M. Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Caroline Callison Tiffin, all of Columbia; and Solicitor Jay Hodge, of Darlington, for petitioner.

Chief Attorney Daniel T. Stacey and Assistant Appellate Defender Tara S. Taggart, both of S.C. Office of Appellate Defense, of Columbia, for respondent.

MOORE, Justice:

We granted the State's petition for a writ of certiorari to review the Court of Appeals' decision finding reversible error in the denial of respondent Short's right to peremptorily challenge two jurors. 327 S.C. 329, 489 S.E.2d 209 (Ct.App. 1997). We affirm.

## FACTS

Short was convicted of armed robbery and three counts of assault and battery of a high and aggravated nature. He was sentenced to concurrent terms of twenty-five years for armed robbery and five years for each count of assault and battery.

■ During jury selection, Short used eight peremptory challenges, all against white venirepersons. On the State's motion, the trial judge conducted a *Batson*[1] hearing. He ruled two of Short's challenges were racially motivated and set aside the jury panel. The trial judge then directed that the jury be re-struck and that Short would not be permitted to challenge the two venirepersons previously stricken in violation of *Batson*.[2]

On appeal, the Court of Appeals held Short's peremptory challenges did not violate *Batson* and that it was reversible error to seat the two challenged jurors.

## ISSUE

Did the Court of Appeals err in reversing Short's convictions absent a showing of prejudice?

## DISCUSSION

■ The State argues the trial judge properly found the two strikes in question violated *Batson* and the Court of Appeals erred in reversing this ruling.[3] We disagree.

---

1. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

2. It is within the trial judge's discretion to prohibit a peremptory challenge against a venireperson previously struck in violation of *Batson*. *State v. Franklin*, 318 S.C. 47, 456 S.E.2d 357 (1995).

3. As an initial matter, the State argues Short's challenge to the trial judge's ruling was not preserved on appeal to the Court of Appeals

The two contested strikes were exercised against Jurors # 39 and # 13. At the *Batson* hearing, counsel for Short explained he challenged # 39 because her husband was an assistant manager at "Carl's" and "just about every term of court, Carl's has a case in court, either somebody shooting in the parking lot, bad checks, one thing and another." As to # 13, counsel explained the juror was employed at the same business where counsel's brother was the manager and "maybe because he's a manager, he's made somebody mad and they would hold it against my client."

In *State v. Adams,* 322 S.C. 114, 470 S.E.2d 366 (1996) (*citing Purkett v. Elem,* 514 U.S. 765, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995)), we set forth the proper procedure for a *Batson* hearing. A proponent of a strike has no burden to present an explanation that is persuasive or even plausible. Once the proponent states a reason that is race-neutral, the burden is on the party challenging the strike to show the explanation is mere pretext, either by showing similarly situated jurors were seated, or that the reason given for the strike is so fundamentally implausible as to constitute mere pretext despite a lack of disparate treatment. In this case, Short's explanations were facially race-neutral and the State failed to show mere pretext. Accordingly, the trial judge erred in ruling these strikes violated *Batson* and the Court of Appeals properly found error.

After finding error in the trial judge's *Batson* ruling, the Court of Appeals went on to find reversible error because Short's right to exercise peremptory challenges against the two jurors was denied him.[4] The Court of Appeals found no showing of prejudice was required because there was no way to determine with any degree of certainty whether Short's

---

because he did not make a timely objection. Under S.C.Code Ann. § 14–7–1030 (Supp.1997), an objection to a juror must be made before the jury is impaneled. Before the jury was sworn, Short objected to seating the two jurors he had previously struck. His objection was therefore timely.

4. We note there is no *Batson* violation when a juror against whom a party would have exercised a peremptory challenge is ultimately seated on the jury. *Batson* vindicates the juror's right to equal protection and this right is not abridged if the juror is seated. *Adams, supra.*

right to a fair trial by an impartial jury was abridged. 327 S.C. at 335, 489 S.E.2d at 212.

In finding reversible error, the Court of Appeals adopted the analysis of *United States v. Annigoni*, 96 F.3d 1132 (9th Cir.1996), requiring no showing of actual prejudice to reverse for infringement of the federal statutory right to exercise a peremptory challenge. This rule is consistent with that of a clear majority of state courts as well. *See, e.g., Mason v. State*, 536 So.2d 127 (Ala.Crim.App.1988); *State v. Huerta*, 175 Ariz. 262, 855 P.2d 776 (1993); *Hagerman v. State*, 613 So.2d 552 (Fla.Dist.Ct.App.1993); *People v. Bennett*, 282 Ill.App.3d 975, 218 Ill.Dec. 574, 669 N.E.2d 717 (1996); *State v. Kauhi*, 86 Hawai'i 195, 948 P.2d 1036 (1997); *Spencer v. State*, 20 Md.App. 201, 314 A.2d 727 (1974); *Commonwealth v. Roche*, 44 Mass.App. 372, 691 N.E.2d 946 (1998); *People v. Schmitz*, 231 Mich.App. 521, 586 N.W.2d 766 (1998); *Arenas v. Gari*, 309 N.J.Super. 1, 706 A.2d 736 (1998); *Fuson v. State*, 105 N.M. 632, 735 P.2d 1138 (1987); *City of Dickinson v. Lindstrom*, 575 N.W.2d 440 (N.D.1998); *Baker v. English*, 324 Or. 585, 932 P.2d 57 (1997); *Commonwealth v. Ingber*, 516 Pa. 2, 531 A.2d 1101 (1987); *Nunfio v. State*, 808 S.W.2d 482 (Tex. Crim.App.1991); *State v. Ramos*, 211 Wis.2d 12, 564 N.W.2d 328 (1997); *Westcom v. Meunier*, 164 Vt. 536, 674 A.2d 1267 (1996); *Wardell v. McMillan*, 844 P.2d 1052 (Wyo.1992).

To the contrary, however, there is precedent of this Court indicating a showing of actual prejudice is required to find reversible error in the denial of the right to exercise a peremptory challenge. In *State v. Plath*, 277 S.C. 126, 284 S.E.2d 221 (1981), *overruled on other grounds, State v. Collins*, 329 S.C. 23, 495 S.E.2d 202 (1998), we concluded the defendant failed to show prejudice from the denial of a peremptory challenge where there was ample opportunity to examine the juror on voir dire and there was no showing of any bias or lack of impartiality on the part of the juror. Accordingly, we found no reversible error.

■ We now overrule *Plath* and adopt the majority rule that no showing of actual prejudice is required to find reversible error for the denial or impairment of the right to a peremptory challenge. We note that *Plath* is distinguishable from our other decisions discussing "prejudice" in the denial of

a peremptory challenge where the issue actually turned on whether the complaining party had established he was denied the right to exercise a peremptory challenge. Where such a denial was established, we implicitly applied the majority rule discussed above and reversed without a showing of actual prejudice. *See State v. Anderson*, 276 S.C. 578, 281 S.E.2d 111 (1981) (prejudice in wrongfully limiting number of peremptory challenges where defendant exercised all permitted); *Moore v. Jenkins*, 304 S.C. 544, 405 S.E.2d 833 (1991) (failure to use side-to-side procedure in allowing peremptory challenges in a case with multiple defendants prejudiced the plaintiff as a matter of law). In cases finding no prejudice, on the other hand, we actually determined the complaining party had not established the denial of a peremptory challenge. *See Laury v. Hamilton*, 317 S.C. 503, 455 S.E.2d 173 (1995) (no prejudice where party received greater number of strikes than that to which he was entitled under side-to-side method); *State v. Holland*, 261 S.C. 488, 201 S.E.2d 118 (1973) (no prejudice in limiting number of peremptory challenges where defendants used fewer than allowed). Before reversible error can be found, the complaining party must of course establish the denial of his right to exercise a peremptory challenge.

The decision of the Court of Appeals is

**AFFIRMED.**

FINNEY, C.J., TOAL, WALLER and BURNETT, JJ., concur.