554 S.E.2d 38

The **STATE**, Appellant,

v.

**David M. POTTS**, Respondent.

No. 25368.

Supreme Court of South Carolina.

Heard Sept. 25, 2001.

Decided Oct. 15, 2001.

Rehearing Denied Nov. 14, 2001.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, and Senior Assistant Attorney General Charles H. Richardson, of Columbia; and Solicitor Thomas E. Pope, of York, for appellant.

John A. O'Leary, of O'Leary Associates, P.A., of Columbia, for respondent.

PLEICONES, Justice:

The State appeals a circuit court's determination that criminal defendants being tried before a jury in magistrate's court have the right to personally confront all potential jurors prior to exercising their statutorily-granted peremptory challenges. Finding that Respondent's rights had been violated, the circuit court granted him a new trial. We reverse.

## *FACTS/PROCEDURAL HISTORY*

David M. Potts ("Respondent") was charged with driving under the influence and pleaded not guilty to that offense. He demanded a jury trial in magistrate's court. Prior to his trial date, the magistrate delivered a list of the names of thirty potential jurors to defense counsel, as well as to the State's representative. The list contained the names of thirty jurors, and each juror's age, race, and gender; it provided no other information.

Before trial the court required the parties to exercise their peremptory strikes on the paper list. Prior to exercising these challenges neither Respondent nor the State had the benefit of face to face contact with the potential jurors. From the list provided, Respondent struck four jurors and the State excused one. The remaining twenty-five jurors were summoned for trial, and six of them were ultimately seated to hear the case against Respondent. After hearing the evidence, the jury found Respondent guilty as charged.

Respondent appealed his conviction, challenging the manner in which the jury was empaneled. The circuit court reversed his conviction, holding that Respondent's "right to personally confront potential jurors was violated by selecting a jury from a paper list, absent the physical presence of the jurors." From this decision, the State appeals.

*ISSUE*

Does a defendant in magistrate's court have a right to view potential jurors face to face prior to exercising peremptory challenges?

*ANALYSIS*

The procedures for selecting and empaneling juries in magistrate's court are outlined in S.C.Code Ann. §§ 22–2–10, *et seq.* (1989 and Supp.2000).

Respondent's jury was selected using the method for empaneling jurors prescribed in S.C.Code Ann. § 22–2–80 (1989). At the time of Respondent's trial,[1] that section provided:

In all cases except as provided in Section 22–2–90 in a magistrate's court in which a jury is required, a jury list shall be selected in the following manner:

A person appointed by the magistrate who is not connected with the trial of the case for either party shall draw out of Compartment A of the jury box thirty names and the list of names so drawn shall be delivered to each party or to the attorney for each party.

Two code sections address the exercise of peremptory challenges in magistrate's court proceedings. Section 22–2–100 provides that

The names drawn pursuant to ... § 22–2–80 ... shall be placed in a box or hat and individual names randomly drawn out one at a time until six jurors and four alternates are selected. Each party shall have a maximum of six peremptory challenges as to primary jurors and four peremptory challenges as to alternate jurors and such other challenges for cause as the court may permit. . . .

Finally, Section 22–2–110 requires that "[p]arties shall exercise peremptory challenges in advance of the trial date, and only persons selected to serve and alternates shall be summoned for the trial."

---

**1.** Respondent was tried on November 23, 1998. Subsequently, the legislature amended Section 22–2–80, effective May 1, 2000. Sections 22–2–100 and 22–2–110 have not been amended since Respondent's trial.

Respondent distills from dicta in *Lewis v. United States,* 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011 (1892), and *Pointer v. United States,* 151 U.S. 396, 14 S.Ct. 410, 38 L.Ed. 208 (1894), that a defendant, as a component of his 6th Amendment right to be present during all critical stages of trial, has a constitutional right to be brought face to face with each potential juror prior to exercising peremptory challenges.

While those cases do intimate that the right to face to face contact with prospective jurors is an integral component of the right to meaningful exercise of a defendant's peremptory challenges, neither case addresses the issue before this Court.

■ More recent decisions of the United States Supreme Court ("USSC"), however, undermine Respondent's contention that peremptory challenges are of a constitutional dimension, and suggest that a defendant is entitled to no more and no less than that which the legislature grants.

In *Ross v. Oklahoma,* 487 U.S. 81, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988), the USSC "recognized that peremptory challenges are not of constitutional dimensions. They are a means to achieve the end of an impartial jury." *Id.* at 88, 108 S.Ct. at 2278, 101 L.Ed.2d at 90 (internal citations omitted). The Court continued,

It is true that we have previously stated that the right to exercise peremptory challenges is 'one of the most important of the rights secured to the accused.' Indeed, the *Swain* Court cited a number of federal cases and observed: 'The denial or impairment of the right is reversible error without a showing of prejudice.' But even assuming that the Constitution were to impose this same rule in state criminal proceedings, petitioner's due process challenge would nonetheless fail. *Because peremptory challenges are a creature of statute and are not required by the Constitution, it is for the State to determine the number of peremptory challenges allowed and to define their purpose and the manner of their exercise. As such, the 'right' to peremptory challenges is 'denied or impaired' only if the defendant does not receive that which state law provides.*

*Id.* at 89, 108 S.Ct. at 2278–79, 101 L.Ed.2d at 90–91 (citations omitted; emphasis supplied). *See also Edmonson v. Leesville Concrete Co.,* 500 U.S. at 622, 111 S.Ct. 2077, 114 L.Ed.2d 660

(1991) (There is no constitutional obligation to allow peremptory challenges. They are permitted only when the government, by statute or decisional law, deems it appropriate to allow them.)

 Even before the decision in *Ross,* we observed that [t]here is no constitutional right, state or federal, to *any* peremptory challenges; it rests entirely within the province of the legislature....

> 'Generally speaking, peremptory challenges arise from the exercise of a privilege granted by the legislative authority. They are allowed by legislatures as an act of grace, rest entirely within the discretion of legislatures, can be exercised as a matter of right only to the extent allowed by statute, and must be taken subject to the legislative limitations placed upon the manner of their exercise.'

> Thus, the legislature's discretion in the matter of peremptory challenges is circumscribed only by the necessity of granting the accused a fair and impartial trial.

*State v. Bailey,* 273 S.C. 467, 469, 257 S.E.2d 231, 232 (1979), *cert. denied,* 444 U.S. 1083, 100 S.Ct. 1039, 62 L.Ed.2d 768 (1980) (internal citations omitted; emphasis in original).

 *Ross* and *Bailey* establish that it is the legislature's prerogative to prescribe the manner in which peremptory challenges are to be exercised. In addition, these cases require that a defendant complaining of the manner in which peremptory challenges were exercised show that the statute granting him peremptory challenges was violated, or that the jury which tried him was not impartial.

Respondent has failed to make either of these showings. The procedure for empaneling jurors employed at his trial comported with South Carolina law. Nothing in § 22–2–80 requires that the jurors be brought face to face with the accused prior to the accused's exercise of peremptory challenges. Thus, Respondent has not shown that the procedure employed at his trial violated the provisions of that statute. Respondent makes no claim that the jury empaneled in his trial was not impartial, nor has he shown that he was deprived of any right granted by the Constitution of this state or of the United States.

## CONCLUSION

Because Respondent has not shown that the statutes governing the jury selection process in magistrate's court were violated, and because he makes no claim that his jury was not impartial, we REVERSE the order of the circuit court reversing Respondent's conviction.

TOAL, C.J., MOORE, WALLER and BURNETT, JJ., concur.