564 S.E.2d 83

Anthony GREEN, Petitioner,

v.

Gary D. MAYNARD, Commissioner, South Carolina Department of Corrections, and Charles M. Condon, Attorney General of South Carolina, Respondents.

No. 25460.

Supreme Court of South Carolina.

Heard Jan. 9, 2002.

Decided May 6, 2002.

Rehearing Denied June 12, 2002.

John H. Blume, of Ithaca, NY; Desa A. Ballard, of West Columbia; and Teresa L. Norris, of the Center for Capital Litigation, of Columbia, for petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, and Assistant Deputy Attorney General Donald J. Zelenka, all of Columbia, for respondents.

Justice MOORE.

We granted a stay of execution to consider petitioner's claim for habeas corpus relief on the ground our decision in his direct appeal violated his due process and equal protection rights. We find petitioner's argument without merit and deny relief.

## FACTS

On November 21, 1987, petitioner approached Susan Babich's vehicle in the parking lot of a Charleston shopping mall and shot her in the head with a rifle. He took her purse and fled the scene. Based on an eyewitness's description, police apprehended petitioner in the mall vicinity within thirty minutes. A rifle and Ms. Babich's checkbook were found in his car. Petitioner subsequently admitted his involvement to police.

Petitioner was tried in September 1988. He was convicted of murder and armed robbery and sentenced to death. In March 1990, this Court affirmed his convictions and sentence, *State v. Green,* 301 S.C. 347, 392 S.E.2d 157, *cert. denied, Green v. South Carolina,* 498 U.S. 881, 111 S.Ct. 229, 112 L.Ed.2d 183 (1990). Petitioner's subsequent application for post-conviction relief was denied. He then commenced habeas corpus proceedings in federal court. The United States District Court denied relief and the Fourth Circuit Court of Appeals affirmed that decision. *Green v. Catoe,* 220 F.3d 220 (4th Cir.2000), *cert. denied,* 532 U.S. 1039, 121 S.Ct. 2002, 149 L.Ed.2d 1004 (2001). Petitioner then filed this petition in our original jurisdiction.

Throughout petitioner's habeas proceedings, he has raised the issue of our 1990 decision refusing to grant him a new trial on the ground the trial judge improperly qualified Juror William Canty. In deciding the issue, we followed the United States Supreme Court's decision in *Ross v. Oklahoma,* 487 U.S. 81, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988), and focused on the jurors actually seated. Because petitioner exercised a peremptory strike against Juror Canty, who therefore was not seated, we found petitioner was not deprived of his right to a fair trial. *Green,* 301 S.C. at 352, 392 S.E.2d at 160.

On rehearing, petitioner protested that he had used all his peremptory strikes and, under existing state precedent, this was all that was needed to show reversible error in the improper qualification of a juror. We summarily denied the petition for rehearing.

Petitioner claims this decision applied new law and, further, it was law that was applied only to him in light of our subsequent decision in *State v. Short*, 333 S.C. 473, 511 S.E.2d 358 (1999). In *Short*, we held no actual prejudice need be shown to establish reversible error for the deprivation of a peremptory strike. Petitioner contends *Short* vitiates the prejudice analysis used in his direct appeal. He requests habeas relief from this Court on the ground our 1990 decision in his case was "a legal fluke" that violated his constitutional rights.

## ISSUE

Has petitioner shown a denial of fundamental fairness that supports the grant of habeas corpus relief?

## DISCUSSION

### *Standard for habeas relief*

■ Habeas relief will be granted only for a constitutional claim rising to the level of "a violation, which in the setting, constitutes a denial of fundamental fairness shocking to the universal sense of justice." *Gibson v. State*, 329 S.C. 37, 39, 495 S.E.2d 426, 428 (1998) (*citing Butler v. State*, 302 S.C. 466, 468, 397 S.E.2d 87, 88 (1990)).

### *Break from precedent in petitioner's direct appeal*

Our 1990 decision in petitioner's case sets out a three-step analysis on the issue of juror qualification. The defendant must first show he exhausted all of his peremptory challenges; if all peremptory strikes were used, we will consider whether the juror was erroneously qualified. If the juror was erroneously qualified, the defendant must then demonstrate he was deprived of a fair trial. We found Juror Canty should have been disqualified because voir dire indicated he was racially biased. We concluded, however, that petitioner failed to

satisfy the third requirement for reversal—that he was deprived of a fair trial—because the erroneously qualified juror did not in fact sit on the jury. Petitioner therefore failed to show prejudice from Juror Canty's erroneous qualification.

Petitioner argues that before the decision in his case, we did not apply this third step of the analysis and would have reversed where the defendant demonstrated only the first two steps-that he used all his peremptory strikes and that the juror was erroneously qualified. He relies primarily on *State v. Sanders*, 103 S.C. 216, 88 S.E. 10 (1916). In *Sanders*, we reversed where a juror was erroneously qualified, the defendant struck the juror, and the defendant exhausted all his peremptory strikes. We essentially presumed prejudice from the defendant's exhaustion of his peremptory strikes.[1] Petitioner claims under this precedent, the fact Juror Canty did not sit should not have been considered.

The State, however, argues there is intervening precedent of this Court undermining the rule in *Sanders* by the time petitioner's direct appeal was decided in 1990. In *State v. Plath*, 277 S.C. 126, 284 S.E.2d 221 (1981), *overruled on other grounds, State v. Collins*, 329 S.C. 23, 495 S.E.2d 202 (1998), we found the defendant had failed to show prejudice from the refusal to allow a belated peremptory strike because there was no showing of any juror bias. We relied on *Plath* in 1982 and held in *State v. Yates*, 280 S.C. 29, 310 S.E.2d 805 (1982), that where the defendant had suffered no "actual juror prejudice," his motion for additional peremptory strikes was properly denied. The State claims these cases indicate the deprivation of a peremptory strike would no longer be treated as reversible error *per se*, thus undermining the prong of the analysis for improperly qualified jurors that required no prejudice based on the exhaustion of all peremptory strikes.[2]

---

**1.** Following *Sanders*, in *State v. Mittle*, 120 S.C. 526, 113 S.E. 335 (1922), a concurring Justice agreed with the majority that a challenged juror was properly qualified but noted there would have been reversible error had the defendant been forced to strike a juror who should have been excluded for cause.

**2.** The dissent cites *State v. Cooper*, 291 S.C. 332, 353 S.E.2d 441 (1986), as a later case applying the rule of *Sanders*. Our 1990 decision in *Green*, distinguished *Cooper* on the ground it did not reverse on the issue of juror qualification alone.

In any event, assuming our 1990 decision in petitioner's case broke from precedent and applied a new procedural rule, the question is: Does the overruling of precedent and the application of a new rule violate any constitutional right? The answer to this question is clearly no. The United States Supreme Court, for instance, in *Payne v. Tennessee,* 501 U.S. 808, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991), overruled its own precedent and applied a new rule to the defendant's detriment allowing the admission of victim impact evidence in a death penalty case. The Court noted that stare decisis is not "an inexorable command." 501 U.S. at 828, 111 S.Ct. 2597, 115 L.Ed.2d 720. Where the issue is a rule of procedure, the Court is even less constrained by precedent because a procedural rule does not serve as a guide to lawful behavior and does not alter primary conduct. *Hohn v. United States,* 524 U.S. 236, 251, 118 S.Ct. 1969, 141 L.Ed.2d 242 (1998); *United States v. Gaudin,* 515 U.S. 506, 521, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995); *Payne,* 501 U.S. at 828, 111 S.Ct. 2597, 115 L.Ed.2d 720. No constitutional right is implicated where precedent is overruled in favor of the application of a new procedural rule.

■ In conclusion, even if our three-step analysis in petitioner's direct appeal overruled precedent and created a new rule, we violated no constitutional mandate in applying that rule to petitioner. The essential issue in this habeas proceeding is whether there has been a constitutional violation that amounted to a denial of fundamental fairness shocking to the universal sense of justice. We find no denial of fundamental fairness. Petitioner's constitutional right to a fair trial by an unbiased jury was in no way compromised. We find petitioner's argument on this issue without merit.

### Effect of Short on the Green analysis

In *State v. Short,* we held no showing of actual prejudice is required to establish reversible error from the denial of a peremptory challenge. Petitioner relies on *Short* to argue that under the present state of the law, we would no longer apply the three-step analysis used in his direct appeal.

We recently reiterated this three-step analysis in a decision issued after the decision in *Short. See State v. Council,* 335

S.C. 1, 515 S.E.2d 508 (1999).[3] In *Council,* we found no error in the juror's qualification and never reached the prejudice analysis. In citing *Green,* however, we implicitly acknowledged the continued viability of the three-step analysis. We now confirm that our *Green* analysis remains valid.

We begin by noting that other states with precedent similar to *Short* have reached the opposite result suggested by petitioner on the question whether a defendant need only show he used all his peremptory strikes to obtain reversal for the erroneous qualification of a juror who did not sit. These decisions follow the United States Supreme Court's recent opinion in *United States v. Martinez–Salazar,* 528 U.S. 304, 120 S.Ct. 774, 145 L.Ed.2d 792 (2000), which distinguishes the forced use of a peremptory strike from the denial of one.

The *Martinez–Salazar* case arose in the Ninth Circuit. That circuit has a well-settled rule that a party need not show prejudice from the denial of a peremptory strike. *United States v. Annigoni,* 96 F.3d 1132 (9th Cir.1996).[4] Relying on this precedent in *Martinez–Salazar,* the Ninth Circuit Court of Appeals reasoned that the defendant's Fifth Amendment due process rights were violated because he had to use a peremptory strike to remove a juror who should have been excused for cause. *United States v. Martinez–Salazar,* 146 F.3d 653, 658 (9th Cir.1998).

On appeal, however, the Supreme Court rejected this analysis, distinguishing the forced use of a peremptory strike from the denial of such a strike. It held: "[I]f the defendant elects to cure such an error [in juror qualification] by exercising a peremptory challenge, and is subsequently convicted by a jury on which no biased juror sat, he has not been deprived of any rule—based or constitutional right." 528 U.S. at 307, 120 S.Ct. 774, 145 L.Ed.2d 792. Thus, the Supreme Court has definitively rejected a federal due process claim based on the forced use of a peremptory strike.

Since *Martinez–Salazar* was decided, a majority of state courts considering the issue have interpreted their state

---

**3.** *Short* was issued in January 1999; *Council* in April 1999.

**4.** *Annigoni* was in fact cited in our decision in *Short* as support for the rule that prejudice need not be shown.

constitutions to conform to its holding. *See, e.g., In re: Evans v. State,* 794 So.2d 411 (Ala.2000); *State v. Manning,* 270 Kan. 674, 19 P.3d 84 (2001); *State v. Entzi,* 615 N.W.2d 145 (N.D.2000); *State v. Verhoef,* 627 N.W.2d 437 (S.D.2001); *State v. Fire,* 145 Wash.2d 152, 34 P.3d 1218 (2001); *State v. Lindell,* 245 Wis.2d 689, 629 N.W.2d 223 (2001).[5] Although we may afford more expansive rights under our state constitutional provisions than those conferred under the federal constitution, *State v. Forrester,* 343 S.C. 637, 541 S.E.2d 837 (2001), we decline to do so here. We have repeatedly stated that peremptory strikes implicate no constitutional right. *State v. Potts,* 347 S.C. 126, 554 S.E.2d 38 (2001); *State v. Franklin,* 318 S.C. 47, 456 S.E.2d 357 (1995); *State v. Bailey,* 273 S.C. 467, 257 S.E.2d 231 (1979). We adopt the *Martinez–Salazar* analysis and interpret our state constitution to find no due process violation from the forced use of a peremptory strike. Thus, we confirm the continued viability of the three-step analysis used in petitioner's direct appeal.[6] Petitioner's argu-

---

**5.** Of the two courts rejecting *Martinez–Salazar,* one was an intermediate state appellate court which noted that it was bound to follow pre-existing state law the highest state court had not reconsidered since the *Martinez–Salazar* opinion, *see State v. Ibanez,* 201 Ariz. 56, 31 P.3d 830, 834 (2001), leaving only one state that has authoritatively rejected the *Martinez–Salazar* analysis. *See People v. Lefebre,* 5 P.3d 295 (Colo.2000) (declining to follow *Martinez–Salazar* on state law grounds).

**6.** We note that a statutory claim under *Short* is not incompatible with the *Green* analysis. A claim based on the denial of a strike may still be made if, after being forced to use a peremptory strike on an erroneously qualified juror, the defendant can demonstrate he was deprived of a subsequent strike he would have exercised, and to which he would have been entitled, but for the forced strike. Such a claim may be preserved by stating for the record an articulable objection to a subsequently presented juror.

Here, petitioner could not have shown reversible error even under this statutory analysis. We have examined the original transcript in his direct appeal which indicates only two jurors were presented after petitioner used his last peremptory strike. Petitioner voiced no objection to either of those jurors. His only objection was to an alternate juror for whom separate strikes were allocated as provided in S.C.Code Ann. 14–7–1120 (Supp.2000). Because there is no basis in the record from which to conclude the strike used against Juror Canty effectively deprived petitioner of a peremptory strike he otherwise would have exercised, petitioner would not have been entitled to a new trial under a *Short* analysis.

ment that our decision in his direct appeal was "a legal fluke" is without merit.

## CONCLUSION

Petitioner has failed to demonstrate our decision in his direct appeal violated any constitutional right. There has been no denial of fundamental fairness in this case. Accordingly, petitioner's request for habeas relief is

**DENIED.**

TOAL, C.J., WALLER and BURNETT, JJ., concur.

PLEICONES, J., dissenting in a separate opinion.

Justice PLEICONES:

I respectfully dissent. In my opinion, the Court's decision in *State v. Green*, 301 S.C. 347, 392 S.E.2d 157 (1990), was a clear break from established precedent. *See State v. Sanders*, 103 S.C. 216, 88 S.E. 10 (1916). Neither *State v. Plath*, 277 S.C. 126, 284 S.E.2d 221 (1981), nor *State v. Yates*, 280 S.C. 29, 310 S.E.2d 805 (1982), hold that a defendant must show prejudice where he has used a peremptory challenge to remove an otherwise disqualified juror.[7]

In a case involving the issue of juror disqualification, decided after *Plath* and *Yates*, the Court reaffirmed the rule in *State v. Sanders, supra. State v. Cooper*, 291 S.C. 332, 353 S.E.2d 441 (1986). In *Cooper*, the defendant challenged the trial court's refusal to disqualify a highway patrolman from the panel of jurors. In reversing the defendant's conviction, the Court did not undertake a prejudice analysis. Instead, the Court only considered whether the defendant had exhausted all peremptory challenges and whether the trial court should have disqualified the patrolman for cause. I read *Cooper* as an affirmation of the two-part test in effect prior to

---

7. As pointed out by the majority, the defendant in *Plath* appealed the trial court's refusal to allow the defendant to exercise a peremptory challenge after all the jurors had been presented and sworn. *Yates* addressed a defendant's challenge to the trial court's denial of the defendant's request for additional peremptory challenges after exhaustion of those allowed by statute. Neither decision addressed the issue of juror disqualification.

*Green.* In my opinion *Green* was a clear break from that precedent.

I do not suggest that this Court cannot overrule a previous decision in any given case. I am, however, of the opinion that when the Court chooses to do so, and when the change is a clear break from the law previously applied in a criminal prosecution, the new rule should not be applied to the detriment of the defendant in whose case the rule is changed. *See e.g. State v. Hughes,* 328 S.C. 146, 493 S.E.2d 821 (1997) (refusing to apply new rule overruling precedent to appellant's detriment). Application of the new rule to Green, in a setting where the State seeks to extract the ultimate penalty is, in my opinion, shocking to the universal sense of justice. *See Butler v. State,* 302 S.C. 466, 397 S.E.2d 87 (1990) (writ of habeas corpus will issue where a violation, in the setting, constitutes denial of fundamental fairness shocking to universal sense of justice).

I would grant the petition for writ of habeas corpus.