**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Wayne Hankinson, Appellant.

Appellate Case No. 2017-002603

Appeal From Aiken County
R. Lawton McIntosh, Circuit Court Judge

Unpublished Opinion No. 2020-UP-317
Submitted September 1, 2020 – Filed November 25, 2020

**AFFIRMED**

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General William M. Blitch, Jr., both of Columbia; and Solicitor James Strom Thurmond, Jr., of Aiken, all for Respondent.

**PER CURIAM:** Wayne Hankinson appeals his convictions and concurrent twelve-year sentences for assault with intent to commit first-degree criminal sexual conduct (CSC) and kidnapping. Hankinson argues the circuit court erred by (1)

ruling he was not entitled to ten peremptory challenges and (2) ruling he was not entitled to an instruction on self-defense. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the circuit erred by ruling Hankinson was not entitled to ten peremptory challenges: *State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In criminal cases, the appellate court sits to review errors of law only."); *State v. Jacobs*, 393 S.C. 584, 587, 713 S.E.2d 621, 622 (2011) ("Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning." (quoting *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000))); S.C. Code Ann. § 14-7-1110 (2017) ("Any person who is arraigned for the crime of murder, manslaughter, burglary, arson, criminal sexual conduct, armed robbery, grand larceny, or breach of trust when it is punishable as for grand larceny, perjury, or forgery is entitled to peremptory challenges not exceeding ten, and the State in these cases is entitled to peremptory challenges not exceeding five. Any person who is indicted for any crime or offense other than those enumerated above has the right to peremptory challenges not exceeding five, and the State in these cases is entitled to peremptory challenges not exceeding five."); *State v. Bailey*, 273 S.C. 467, 469, 257 S.E.2d 231, 232 (1979) ("There is no constitutional right, state or federal, to any peremptory challenge; it rests entirely within the province of the legislature.").[1]

2. As to whether the circuit court erred by ruling Hankinson was not entitled to an instruction on self-defense: *State v. Santiago*, 370 S.C. 153, 159, 634 S.E.2d 23, 26 (Ct. App. 2006) ("An appellate court will not reverse the trial judge's decision regarding jury charges absent an abuse of discretion."); *State v. Slater*, 373 S.C. 66, 69, 644 S.E.2d 50, 52 (2007) ("A self-defense charge is not required unless it is supported by the evidence."); *id.* at 69-70, 644 S.E.2d at 52 ("To establish self-defense in South Carolina, four elements must be present: (1) the defendant must be without fault in bringing on the difficulty; (2) the defendant must have been in actual imminent danger of losing his life or sustaining serious bodily injury, or he must have actually believed he was in imminent danger of losing his

---

[1] This court need not address Hankinson's argument relating to whether *State v. Green* should be overturned because *Green* is inapplicable to this case. Hankinson does not raise any issues relating to the qualification of a juror. *See State v. Green*, 301 S.C. 347, 352, 392 S.E.2d 157, 159 (1990) (holding when an appellate court is reviewing an error as to the qualification of a juror, "an appellant must show that he exhausted all of his peremptory challenges").

life or sustaining serious bodily injury; (3) if his defense is based upon his belief of imminent danger, defendant must show that a reasonably prudent person of ordinary firmness and courage would have entertained the belief that he was actually in imminent danger and that the circumstances were such as would warrant a person of ordinary prudence, firmness, and courage to strike the fatal blow in order to save himself from serious bodily harm or the loss of his life; and (4) the defendant had no other probable means of avoiding the danger.").

**AFFIRMED.**[2]

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.